BAUGH & SONS COMPANY, a corporation of the State of Pennsylvania, *v.* THE CROWELL CORPORATION, a corporation of the State of New York.

*(November* 3, 1931.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*J. Rankin Davis* for plaintiff.

*James R. Morford* (of Marvel, Morford, Ward and Logan) for defendant.

Superior Court for New Castle County, No. 6, March Term, 1929. Foreign Attachment, No. 74, September Term, 1931. Writ of Inquiry on judgment for plaintiff entered in that proceeding.

PENNEWILL, C. J., delivering the opinion of the Court:

This was an action of assumpsit brought by foreign attachment. The plaintiff demurred to defendant's sixth plea. The demurrer was sustained and defendant elected to take final judgment. Subsequently, a writ of error was taken by the defendant, and dismissed on July 16, 1931, by the Supreme Court because there had been no final judgment obtained in the lower Court. The amount of the judgment had not been ascertained either at the term when the interlocutory judgment was recovered or at the succeeding term. It was, therefore, too late to ascertain the amount by an inquisition at bar, the statutory proceeding. The plaintiff sought to ascertain the amount by a writ of inquiry directed to the Sheriff. Accordingly, a praecipe was filed with the Prothonotary in vacation, as follows:

"Please issue a writ of inquiry to the Sheriff for the purpose of ascertaining the amount due under the above stated judgment returnable to the first day of the September Term, A. D. 1931."

On August 6, 1931, the Sheriff held his inquisition and returned a verdict for the plaintiff for $5,155.00.

On September 21, 1931, being the first day of the Term, the plaintiff issued a rule for judgment on inquiry, and immediately thereafter the defendant filed exceptions to the writ of inquiry and moved that the writ be quashed, the inquisition set aside, that judgment thereon be refused and that the rule for judgment be discharged.

The main question to be considered and determined by the Court is whether the writ of inquiry, a common law proceeding, which once obtained in this state, still exists and may be resorted to in a case like the present one.

The defendant contends that "the process of writ of inquiry is no longer existent under the laws of this state or the practice of its Courts." And argues that "If the Order of the Court granting the judgment does not include a direction that the amount be ascertained by the Prothonotary it can then be ascertained only by an inquisition at bar."

Whether the common law writ, which once existed here has been abolished or entirely superseded by the statutory provision relating to the ascertainment of the amount due on an interlocutory judgment, depends, of course, on the intent of the statute. Is the statutory proceeding for ascertaining such amount exclusive or cumulative only? Is the plaintiff in the judgment confined to an inquisition at bar or may he, at his option, pursue the common law writ?

The plaintiff relies very largely on the Delaware case of *Silver v. Rhodes*, 2 *Harr.* 369, and the case of *Kohler v. Luckenbaugh*, 84 *Pa.* 258, to like effect. The statute involved in the Delaware case is found in 1 *Delaware Laws*, *c.* 54, *p.* 129, § 19, and provides as follows:

"And to prevent the excessive charges that have sometimes arisen upon executing writs of enquiry for damages, Be it enacted that the Justices who give any interlocutory judgment, shall (at the motion of the plaintiff or his attorney in the action where the judgment is given) make an order in the nature of a writ of enquiry, to charge the jury attending at the same or next court after such judgment is given, to enquire of the damages and costs sustained by the plaintiff in such action, which enquiry shall be made and evidence given in open court, and after the inquest have considered. thereof,. they shall forthwith return their inquisition under their hands and seals, whereupon the Court may proceed to judgment, as upon inquisition of that kind returned by the Sheriffs."

In the *Code* of 1829, *p.* 102, § 19, the language is practically identical.

The *Revised Code* of 1852, *c.* 92, § 4, contains the following pertinent provision:

"The Judges who give an interlocutory judgment shall, on motion, make an order in the nature of a writ of inquiry to charge the jury attending at the same, or next court, to inquire in open court, of the damages and costs sustained by the plaintiff in such action, and return that inquisition, under their hands and seals; whereupon the Court may proceed to judgment."

Substantially the same language appears in the *Revised Code* of 1852 as amended in 1874 (*page* 564, *c.* 92, § 4) and in 1893 (*page* 698, *c.* 92, § 4), as well as in the *Code* of 1915 (§ 3729), and 34 *Delaware Laws, c.* 212.

The statutory law in force at the time of the *Silver-Rhodes Case* decision was that found in 1 *Delaware Laws* above quoted and in the *Code* of 1829.

In that case the Court said:

"That the 19th *Section* of the *Act* for establishing courts has never been considered as taking away the common law remedy by inquisition; but as affording an additional remedy by motion for an order in the nature of a writ of inquiry to assess the damages at bar. It is at the option of the party to take either remedy."

The defendant relies mainly on the Delaware case of *Daniel v. Cooper,* 2 *Houst.* 506, decided about 1862, and much later than the *Silver Case.*

In the *Daniel-Cooper Case,* the Court said:

"The question presented and involved in the argument on the rule, is after all a question of practice merely, in England as well as here, and in this court the practice has uniformly been on any and every interlocutory judgment * * * to resort to a proceeding in the nature of a writ of inquiry, to ascertain the amount of it by the verdict of a jury, unless when the action has been founded upon a written instrument * * * and such has been the invariable practice of this court in such cases, without an exception that we are aware of."

It will be observed that in the *Silver Case* the Court was construing a statute, and in the *Daniel Case* was only expressing an opinion on the practice of the Court. In the one case the Court distinctly held that the common law remedy by writ of inquiry was still existent and could be invoked at the option of the plaintiff. In the other the Court did not say the writ of inquiry could not be resorted to, but only that the invariable practice was by inquisition at bar.

While the latter course is preferable, and is pursued wherever possible, we do not think the statute intended to abolish the common law writ and make it impossible for a party to pursue it. There may be a situation in which the plaintiff in an interlocutory judgment is prevented by lapse of time and through no fault of his from ascertaining the amount thereof at the first or succeeding term, and thus be unable to pursue the statutory remedy—an inquisition at bar. We decline to hold that the ancient writ of inquiry is not still existent in this state.

The defendant insists that its position is supported by *Woolley's Delaware Practice,* but we think Judge Woolley in his work did not mean to say any more than the Court said in the *Daniel-Cooper Case,* viz: That an inquisition at bar was the invariable practice. He goes no further than this:

"The writ of inquiry has long ceased to be used, and the inquisition at bar, which in practice is in many respects similar to the proceedings under a writ of inquiry has been resorted to for ascertaining unliquidated amounts due on interlocutory judgments." *Section* 239.

He does say in another section (393) :

"Hence the practice in Delaware is, that on any and every interlocutory judgment, even in an action of debt, resort must be had to a proceeding in the nature of a writ of inquiry, to ascertain the amount of it by a verdict of a jury."

And in *Section* 767, we find this language:

"In this jurisdiction the writ of inquiry is no longer used to ascertain the amount upon interlocutory judgments, but a proceeding somewhat different from, yet in the nature of a writ of inquiry, is provided by statute."

We have quoted from *Woolley's Delaware Practice* the parts that seem most favorable to the defendant, but they are based largely on the opinion of the Court in the *Daniel-Cooper Case,* and express the views of the writer on what is the practice in the Delaware Courts and not on the right of a plaintiff in an interlocutory judgment to invoke the common law writ of inquiry. While clear about the uniform practice, neither the Court nor Judge Woolley says that the common law writ has been abolished in this state. We find nothing in statute or decision that overrules the *Silver-Rhodes Case.*

The other exceptions filed by the defendant in support of his motion, viz.: That the state of the record did not warrant the issuance of a writ of inquiry, and that the writ of inquiry was not issued in due season, were not discussed by the defendant and will not be considered by this Court.

We take it that the defendant's reliance was on the exception that the Court has considered and decided.

The motion of the defendant that the writ of inquiry be quashed, the inquisition be set aside, that judgment thereon be refused, and that the rule for judgment be discharged, is denied.