Wilson, J.
In May, 1896, the appellee Cooper commenced a suit against the Union Brewing Company and Lehmann Brothers to recover on an account alleged to he due to him by the defendants. The Lehmann Brothers made default. The brewing company filed answer on December 8, of that year, denying all indebtedness, and thereafter the cause, as to it, was at issue. In February following, the attorney for Cooper served notice upon the attorneys for the brewing company that at the incoming of court on February 27, or as soon thereafter as counsel could he heard, they would apply to the court to have the cause set for trial. On the appointed day — -February 27 — it was ordered by the court, and entered of record, that the cause “be entered on the notice docket for trial on the merits.” What the “notice docket” is does not appear from the record, but it is not material to the determination of this appeal. No further order of the trial court in reference to the cause appears upon the record, as presented to us, until the 15th day of January, 1898 — nearly one year after the preceding order — when it was ordered that the cause “ be set February 4th proximo for trial on the merits.” On February 4, following, the cause was called for trial, and the defendants not appearing, either in person or by attorney, the plaintiff made his proofs of the indebtedness, and thereupon judgment was rendered in his favor. On the next day, February 5, the attorneys for the brewing company served notice upon the plaintiff’s attorney that, within two days thereafter, they would move the court to set aside the judgment, because it was entered through the mistake and inadvertence of the defendant, and because the defendant had *67 no notice that the cause was set for trial until after default Was entered therein. Affidavits in support of this motion were presented, and counter-affidavits filed by the plaintiff. Upon hearing of the motion, it was denied, and from this the defendant company appeals.
This court has recently passed several times upon the material questions here involved, and they will, therefore, require no extended discussion. In Cochrane v. Parker, 12 Colo. App. 170, this court said:
“ The fixing of a time for the trial of a cause is not an act required or prescribed by either code or statute, and it is clearly within the inherent powers of the court of its own motion to take such steps, and make such orders, as may be necessary to the dispatch of its business, and the disposition of causes pending on its docket.”
The same principle was reaffirmed in Davis v. Peck, 12 Colo. 260. We cannot determine from the record before us whether the trial court, in its order of January 18, 1898, fixing the time for the trial of the cause, acted in pursuance of the notice given the year previous, or whether it acted on its own volition, independent of any motion, or notice of motion. If the latter — and all things must be presumed in favor of the regularity of the proceedings of a court unless the irregularity clearly appears — the court had a right to so act, and to so direct. It was clearly within its province, under the decisions which we have cited, and to which we make reference, to make such orders as it might deem necessary to the prompt dispatch of its business. It is not only the province, but the duty, of trial courts, in the interest of the due administration of justice, to prevent a congestion of their dockets, and to insist upon a trial, of causes when they are properly reached, in their order, or under the rules of the court. It is true, in the cases which we have cited, it is suggested that this right might be controlled and modified if there existed a rule of the court which required a motion to fix the time of trial of a cause, and notice of such motion to be given. In this case, no such rule of court is suggested *68 or brought up by the record, and therefore this court is not entitled to presume that any such existed; or, if there was, that there was any violation of it. On the contrary, the record before us recites, with reference to the proceedings on the day of trial, “ and thereupon this cause being regularly reached for trial, according to previous assignment, comes on to be tried, ” etc. This recitation is conclusive and binding upon this court, no irregularity having been shown.
The defendant insists, however, that it made a sufficient showing, under the provisions of code section 75, to have warranted and required the court to have set aside the judgment and granted a new trial. It has been expressly held by our supreme court, that to warrant an appellate court in interfering with the granting or denying of applications under this section, a gross abuse of discretion must appear. Mining Co. v. Englebach et al., 18 Colo. 111.
In the case at bar no such abuse has been shown. There were no facts set forth in the affidavits, or in any of them, showing any mistake or excusable inadvertence. They went simply and solely to the extent that defendant had no notice or knowledge that the cause would be taken up for trial on February 4th. bio valid or legal reason or excuse was given for want of such knowledge, the defendant apparently relying upon want of notice that the case would be called and a day set for its trial. Even if there had been some evidence of mistake or inadvertence, it would have been proper for the court, before sustaining the motion, to have first required some showing to the effect that the defendant had a meritorious defense to the action. It would have been an unnecessary and useless consumption of the time of the court to have set aside the judgment and granted a new trial when there was no evidence of a probability that on a rehearing, if granted, the judgment would have been otherwise. In this case, the affidavit of the defendant simply stated that it had a meritorious defense. It did not state in what respect, or attempt to give any facts so that the court might determine for itself whether they constituted a defense of any merit or *69 of any weight. The affidavit was wholly insufficient in this respect.
Not being able to discover any abuse of discretion on the part of the trial court, the judgment will be affirmed.

Affirmed.