E. C. Logan, Appellant, v. John Southall et al.

**Vacation of default judgment.** A judgment by default may properly be set aside after the term on a showing that defendant made inquiry of the clerk of court regarding the filing of the suit against him, after the date for filing fixed in the original notice, and was informed that no petition had been filed, but relying on the erroneous information made no appearance at the term.

*Appeal from Woodbury District Court.*— Hon. Wm. Hutchinson, Judge.

Monday, February 17, 1908.

A default was rendered against the defendant John Southall in an action brought by the plaintiff, and thereafter the default and judgment were set aside on the defendant's petition. From such order the plaintiff appeals.— *Affirmed.*

*E. C. Logan* and *Jepson & Jepson,* for appellant.

*Hubbard & Burgess,* for appellee.

Sherwin, J.— On the 16th of June, 1903, the defendant John Southall was personally and duly served with an original notice of the suit of Logan against him, the notice

reciting that the plaintiff would file his petition in the office of the clerk of the district court of Woodbury county on or before August 21, 1903, and that, unless the defendant appeared thereto and defended before noon of the second day of the next term of said court, which would commence on Monday, August 31, 1903, default would be entered and judgment rendered thereon. The petition was duly filed on the 18th day of August. On the 21st day of August, 1903, the defendant Southall addressed the following letter to the clerk of the district court of Woodbury county: " Mr. William Conniff, Sioux City, Iowa: In last June E. C. Logan of Correctionville, as plaintiff, served notice on me that a petition had been filed in the district court of the State of Iowa in and for Woodbury county, claiming of me $120. Will you please advise me if there has been any such paper filed against me. Awaiting your reply, I remain, Yours respectfully, John Southall." This letter was received by Conniff, the clerk, in due course of mail early on August 22, 1903, and on the same day he made the following indorsement in writing on the margin of said letter: " No such petition filed. Wm. Conniff." The letter bearing this indorsement was mailed to the defendant about noon of the same day, and was received by him in the mail that evening. Relying upon the statement so made by the clerk, the defendant did not appear at the term of court either personally or by counsel, and on September 1, 1903, default was entered against him, and later a judgment rendered thereon. The defendant had no notice of this default and judgment until in November following, when an execution issued on said judgment was levied on his property. Immediately thereafter the defendant filed in said action a petition setting forth a meritorious defense to the plaintiff's claim and the facts which we have already recited as an excuse for not appearing and making defense on the day named, and asking the court to set aside the default and judgment on such showing, which was done.

Code, section 4091, provides that, where a final judgment has been rendered or made, the district court may, after the term at which the same was entered, vacate or modify the same or grant a new trial " for unavoidable casualty or misfortune preventing the party from prosecuting or defending." The appellant insists with great earnestness and ability that the defendant had no right to rely upon the information received from the clerk to the effect that a petition had not been filed, and says that it is no part of the clerk's duty to advise parties or attorneys as to the condition of the record in his office, and that, if a party litigant sees fit to rely upon such statements, he must do so at his own peril, and, if found to be erroneous, he must suffer the consequences. It is the clerk's duty to receive and file papers of this kind, and to keep them in his possession unless otherwise ordered by the court. It is undoubtedly the practice all over this State for attorneys and parties in an action to apply to the clerks of their respective courts for just such information as was sought by the defendant in the instant case. Parties against whom actions are brought reside in different parts of the county, in many instances at a considerable distance from the county seat, and without facilities for reaching it except by driving across the country, and it would be a great hardship and inconvenience to hold as a matter of law that such parties, who have acted in perfect good faith and with due diligence, may not rely upon information furnished them by an officer who is charged with the custody and control of the papers relating to which such information is sought. It has been the repeated holding of this court that a trial on the merits should be had in all cases where it is possible, and particularly where there is failure to show negligence on the part of the party in default; and it has also been the rule that, where a new trial has been granted by the trial court, this court will not interfere with the order unless the record shows that there has been an abuse of discretion. *Foley v. Brewing Co.,* 116

Iowa, 176; *Byrnes v. Ins. Co.,* 114 Iowa, 738; *Klepfer v. City of Keokuk,* 126 Iowa, 592.

In *Buena Vista County v. I. F. S. C. Ry. Co.,* 49 Iowa, 657, a default was set aside on a showing of mistake on the part of the defendant's attorney as to the term of court, and, in discussing the right of the defendant to have the default set aside on this showing, it was said, " the law exacts of attorneys diligence in their business, and will not relieve against negligence on their part." But " they are not required to be diligent and careful beyond the capacities of human nature." It appeared in the case that the attorney in question had applied to attorneys of the district where the court was to be held for information as to the commencement of the term, and was misled by incorrect information, and on this point it was said: " Surely he was justified in seeking information from the source he chose, and in relying upon it when obtained. He might have sought a higher source by applying to the clerk or the judge; but no one would suppose that the lawyers of a district are not correctly informed as to the times of the convenings of the courts." And it was held that the attorneys were diligent, and that the showing was sufficient to justify the setting aside of the default. In *Jean v. Hennessy,* 74 Iowa, 348, a default was set aside on a showing that the defendant's attorney overlooked the fact that a term of the district court would commence at a certain time, and " that he relied on the assurance given him by the judge at the former term that nothing further would be done in the case without notice to him." The showing was held sufficient, and it was said: " It is true that the parties were bound to take notice of the fact that, under the statute as it existed after the first of January, a term of the court would occur in that month. It is also true, perhaps, that the judge could not, by a mere parol assurance as to the course that would be pursued in the cause, bind any of the parties or conclude their rights. But an application to set aside a default is addressed to the sound discretion of

the court; " and " a mistake, even though it relate to a matter concerning which the party is charged by law to notice, may afford sufficient ground for excuse.   So, also, may an assurance by the judge as to the course which will be pursued in the cause, even though unauthorized, if it has in good faith been acted on by the party."   The principle announced in these two cases is clearly controlling in the case at bar.

In *Williams v. Westcott*, 77 Iowa, 332, application was made to the clerk of the court for information as to the filing of papers in his office.   He made no answer to the inquiry, nor did the attorneys do anything further toward advising themselves as to the situation.   It was held that there was negligence, but there was an intimation that the holding would have been otherwise had the required information been furnished by the clerk and relied upon by the attorneys.

We think the trial court was fully justified in setting aside the default in this case, and the order is *affirmed*.