**BAKER et al. v. HUNT & CO.**

No. 8076—Opinion Filed July 31, 1917.

(166 Pac. 891.)

1. **Judgment—Vacation—Grounds.**

It is not sufficient ground upon which to vacate judgment that the plaintiffs nor their attorneys of record were not notified by the court clerk of the time that the case was set for trial.

2. **Same—Casualty.**

When unavoidable casualty or misfortune is alleged, the fact must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches.

(Syllabus by Pope, C.)

Error from County Court, Wagoner County; J. C. Pinson, Judge.

Petition by L. R. Baker and another against Hunt & Co., to vacate a judgment. Vacation was denied, and petitioners bring error. Affirmed.

Snider & Shipley, Watts & Molony, and Edward M. Gallaher, for plaintiffs in error.

W. T. & A. C. Hunt, for defendant in error.

Opinion by POPE, C. This proceeding to vacate a default judgment rendered by the trial court is brought under Rev. Laws 1910, § 5267, subsection 7, which provides that the court shall have the power to vacate its own judgment or orders at or after the term at which such judgment or order was made for unavoidable casualty or misfortune preventing the party from prosecuting or defending. The petition was duly verified, setting forth the judgment, the defense to the action, and the grounds for vacating the same, which are as follows: First. For mistake, neglect, or omission of the clerk of said court or of the clerk of the courts in failing to notify in any way, shape, or form the plaintiffs herein or their attorneys of record of the setting of said case on the 22nd day of January, 1915. Second. For the reason that the plaintiffs herein or their attorneys of record had no knowledge, constructive or otherwise, of the setting of said case for trial on the 22d day of January, 1915, due to no fault or negligence of due diligence on the part of these plaintiffs and their attorneys. To this petition the defendants in error filed a motion to strike the plaintiff's petition.

It is clear from the record in this case that there was a hearing on the merits of the petition had on September 10, 1915, at which hearing testimony was offered by the plaintiffs in error in support of the allegations of their petition, and that the court was fully advised as to the merits of the case, both parties to the ac-

tion treated the pleading filed by defendant in error as an answer to the petition, and the court, in sustaining the "motion," in reality denied the relief prayed for in plaintiffs' petition.

The plaintiffs in error neither allege nor prove facts which would make it appear that they themselves were not guilty of neglect, and that no reasonable or proper diligence or care could have prevented the trial or judgment. The plaintiffs in error knew that the case was pending in the county court and had been for some time, and it was their duty to use reasonable diligence to ascertain when the case was set for trial. Neither the petition nor the evidence introduced discloses any efforts on the part of the plaintiffs in error to ascertain the date on which the cause had been set for trial. The only excuse they offer is that neither the defendants nor their attorneys were notified by the court clerk that the cause had been set for trial on the 22d day of January, 1915. This question has been thoroughly settled in this jurisdiction.

In case of Tracy et al. v. State ex rel. Fancher, County Attorney, and cases cited therein. 60 Okla. 109, 159 Pac. 496, the court lays down the following rule:

"There is no law of this state that requires that attorneys or their clients be notified of the setting of the time for trial. It is the duty of any attorney to be diligent, and ascertain when his case is set for trial."

In passing on the same question the court said:

"When unavoidable casualty or misfortune is alleged, the facts must be so stated as to make it appear that the complaining party is not himself guilty of negligence, and that no reasonable or proper diligence or care could have prevented the trial or judgment." Forest v. Appelget et al., 55 Okla. 515, 154 Pac. 1129; Lindsey et al. v. Goodman, 57 Okla. 408, 157 Pac. 344.

We are therefore of the opinion that the trial court did not commit error in denying the relief sought by the plaintiffs in error. The judgment of the lower court is affirmed.

By the Court: It is so ordered.