CENTRAL METROPOLITAN BANK, a Corporation, Respondent, v. AMERICAN STATE BANK OF BURLINGTON, a Corporation and Jourgen Olson, Appellants.

and

CENTRAL METROPOLITAN BANK, a Corporation, Respondent, v. FARMERS STATE BANK OF SANISH, a Corporation, and Jourgen Olson, Appellants.

(190 N. W. 813.)

**Judgment — refusal to vacate judgment by default, where defendant not shown negligent, held erroneous.**

For reasons stated in the opinion, the trial court erred in making its orders denying plaintiff's motions to vacate the judgments entered in the above-entitled cases.

Opinion filed October 31, 1922.

Judgments, 34 C. J. § 529 p. 311 n. 4.

An appeal from the District Court of Ward County, *Lowe,* J.

Order reversed.

*McGee & Goss,* for appellants.

*Funke, Campbell & Eide,* for respondent.

GRACE, J.   Both of the above-entitled appeals are from orders refusing to vacate judgments taken, it is claimed, by default.   The facts are similar on each appeal.   Hence one opinion will dispose of both appeals. The opinion will refer to the facts in the first of the causes above

---

Note.—On discretion of trial court in granting or refusing to open, vacate or set aside a judgment, see 15 R. C. L. 720; 3 R. C. L. Supp. 489; 5 R. C. L. Supp. 848.

entitled. These actions were pending in the district court of Ward County upon pleadings by both plaintiff and the defendants.

The material facts necessary to be stated are substantially as follows: It appears that a term of court had been called for Ward county for May 24th, 1922; the jury to report May 31st. It appears that the trial court, the Honorable John C. Lowe at the call of the trial calendar on May 24th, set these two actions for trial. On that date, E. R. Sinkler, attorney, of Minot, North Dakota, was attorney for defendants; the firm of McGee & Goss having theretofore withdrawn as defendant's attorneys. Prior to May 28th, defendants re-employed McGee & Goss as their attorneys. On May 29th Mr. Goss went to the district court chambers, where he found Judge Lowe and Mr. Eide of the firm of Funke, Campbell & Eide, plaintiff's attorneys. In substance, what was said there is as follows: Mr. Goss there called the attention of Judge Lowe and Mr. Eide to the fact that his firm was employed as attorneys for the defendants, and that he had heard the actions had been set for trial. Judge Lowe stated that no cases would be tried or forced to trial over the objections of either parties to civil actions; that Judge Lowe and Mr. Eide were informed by Mr. Goss that the latter's clients were not ready for trial and objected to the cases being called for trial; that they had been set for trial in their absence and without notice; that Judge Lowe assured Mr. Goss in Eide's presence that the cases would not be called for trial over Goss's objections; that Judge Lowe told Goss to write him, giving him a list and number of the cases in which McGee & Goss were attorneys and that had been set for trial and that if necessary the calendar of cases could be recalled and the cases reset. On May 29th, McGee & Goss wrote Judge Lowe the following:

May 29th, 1922.

Hon. J. C. Lowe,
Minot, N. Dak.
Dear Judge:—

To-day you said to let you know of any cases which we had objections to trying at this term of court, so if necessary you could reset the calendar.

Since that time, we have spoken to our clients in Nos. 145–6, Central Met. Bank v. Farmers St. Bank of Sanish et al., and Central

Met. Bank v. American State Bank of Burlington et al., and in both of these cases, we are informed that defendants understand that the plaintiffs are not pushing these cases but relying on their collateral, and that the matter will work itself out automatically by fall, and they do not desire to have these cases pushed to judgment; also, that these plaintiffs do not actually desire that. Under these circumstances, we object to trial at this time of those cases.

In view of the above, kindly take all of these cases off, and oblige.

Very truly yours,

McGee & Goss.


On June 3d, 1922, the calendar of cases for trial at the term of court noticed to be held were reset. The above-entitled actions were not included in the causes set for trial at that time and the numbers of said causes were wiped off the blackboard, upon which we presume was indicated the time cases were set for trial. Mr. Goss, attorney for the defendants, attended the call of the calendar at the time last mentioned as likewise did Mr. Eide. On that day, so defendants attorneys maintain, it was announced by the court that no civil cases would be tried until after the criminal cases were disposed of. On June 6th, plaintiff procured the entry of judgment by default in the sum of over five thousand in each case, together with costs.

Most of the facts stated appear either from the affidavit of Mr. Goss whose affidavit is in some respects corroborated by that of his partner Mr. McGee and from defendants statement of facts and the record. The affidavit of Mr. Funke shows that at the call of the calendar in May, Mr. Sinkler was attorney for defendants and that he interposed an answer for them. That on the 3d day of June 1922, the case was duly called for trial in its regular order, but neither of defendants appeared for trial at that time, either in person or by an attorney. Plaintiff later made proof of the allegations of the complaint in each case, and submitted proof controverting the allegations of the answers; that on the 7th day of June 1922, a notice of motion was made by the firm of McGee & Goss purported to be made on behalf of defendants, served on the attorney for the plaintiff, for the purpose of setting aside the judgments which had been entered; that such motion was returnable on the 14th day of June. It is further stated in the affidavit that affiant

believed that the answer of the defendant was interposed solely for the purpose of delay.

We deem it unnecessary to give further attention to the facts relied upon by each of the parties. It appears plainly from the record, now before the court, that defendants did not intend to neglect to defend both causes of action when they were properly brought on for trial. The record, in a measure, discloses that defendants had some disagreement with their attorneys McGee & Goss; that they at one time withdrew from the cases, but later became again attorneys for the defendants. They, perhaps, should have served notice of their reappearance as defendant's attorneys. It would seem from the record that there was a misunderstanding between the court and the attorneys of the parties to the action, just when, in fact, the cases would be set for trial and tried. There is no real showing that defendants have not been diligent in their defense. Their answers were interposed and there is no definite showing that they were endeavoring to procrastinate. In these circumstances, we believe, the due administration of justice requires that the defendants have an opportunity in court to establish their defenses. We believe, further, that the court abused its discretion in denying defendants motion to vacate the judgments.

The order in each case appealed from is reversed and each case remanded for further proceedings not inconsistent with this opinion. The appellants are entitled to their costs and disbursements on appeal.

BIRDZELL, Ch. J., and ROBINSON, and CHRISTIANSON, JJ., concur.

BRONSON, J., I concur in result.