## KIRCH v. NICHOLSON
(No. 1648; Mar. 31, 1931; 297 Pac. 398)

490

The cause was submitted for the appellant on the brief of *M. C. Burk,* formerly of Riverton, Wyoming, now of Phoenix, Arizona.

The cause was submitted for respondent on the brief of *A. C. Allen,* of Riverton, Wyo.

KIMBALL, Chief Justice.

The transaction that caused the prosecution of this action was before the court in Davison, et al. v. Nicholson, 37 Wyo. 412, 263 Pac. 605. Davison and Mitchell, plaintiffs in the former action; Kirch, plaintiff in this action, and Nicholson, defendant in both actions, were stockholders of the Riverton Elevator Company. J. A. Linderholm had obtained two judgments against the elevator company, and in 1923 executions were issued. Pursuant to Section 5943, *et seq.*, Wyo. C. S. 1920, Davison, Mitchell and Kirch became bail for the payment of the judgments for the purpose of procuring a stay of the executions. When the period of the stay had expired, the persons who had become bail for the judgment debtor were compelled to satisfy the judgments by paying in settlement $3000, which was something less than the amount then due. Davison paid $2500 and Kirch $500. Davison and Mitchell, as plaintiffs, then sued Nicholson on an alleged oral promise by Nicholson to the effect that if plaintiffs would enter into such bail to stay the executions, Nicholson would pay the judgments and hold the plaintiffs harmless. The plaintiffs in that action recovered $2500, the amount that had been paid by Davison. The judgment, which was affirmed by this court (Davison v. Nicholson, *supra*), recites that plaintiffs in that action were compelled to and did pay the sum of $2500 on said judgments, and that the sum of $500 was paid by L. J.

Kirch, "but that the plaintiffs herein are not entitled to recover said sum so paid by said L. J. Kirch."

Kirch then commenced the present action against Nicholson, alleging, among other things, that before the bail to stay the executions was given, Nicholson "made and entered into an agreement to and with one C. A. Davison and J. H. Mitchell, to the effect that if the said C. A. Davison and J. H. Mitchell would execute an undertaking in stay of execution, and would procure the necessary surety on such undertaking in stay of execution and permit themselves and such surety to be used as bail, that he the said defendant, would be able to meet said indebtedness and pay the same and would pay said judgment when the six months stay of execution should expire, and that he, the said defendant would then pay said judgments and hold the said C. A. Davison and J. H. Mitchell and any other surety secured by them, harmless on account of any loss or damage they might sustain by reason of their signing as sureties and bail for stay of execution on said judgments;" that thereafter "the said C. A. Davison and J. H. Mitchell called upon this plaintiff and informed him of the agreement made to and with said defendant herein, and plaintiff well knowing that defendant was well able to meet and pay said judgments, and relying upon the promises he so made to the said C. A. Davison and J. H. Mitchell, * * * signed said execution as stay and bail therefor."

The answer denies the contract; pleads the judgment in the former action of Davison and Mitchell against Nicholson, as a bar or estoppel, and alleges that defendant's promise as set forth in the petition was an oral promise to answer for the debt or default of another and, therefore, void under the statute of frauds.

The case was tried without a jury. By the striking out and exclusion of offered evidence, plaintiff was prevented from proving defendant's alleged promise. Judgment for defendant followed, and plaintiff appeals.

The evidence offered by plaintiff for the purpose of establishing the contract would have justified the court in believing the facts were substantially as follows: Persons, including Davison, Mitchell and defendant, interested in the elevator company, conferred for the purpose of deciding on a plan for saving the company's elevator from levy and sale under the outstanding executions on the Linderholm judgments. It was decided that bail to stay the executions should be given, and suggested by defendant that Mitchell and Davison should sign the bail. Defendant did not want to be one of the signers, and gave as his reason that he wanted to be on the outside, so he could purchase the property. He said that if the others would sign he "would take care of the bond," and "protect" the signers by paying the judgments, or buying in the property, after the expiration of the stay period; that "he wanted to own the elevator." It was suggested that Davison and Mitchell did not have property sufficient to enable them to qualify as bail, and defendant then said that additional sureties could be procured, and he would protect them. Plaintiff Kirch, who was not present, was then mentioned as one interested in the company who might sign as bail with Davison and Mitchell. Defendant said that Kirch would probably sign "under those conditions;" that anyone signing the bond "would have nothing to fear." Davison then saw plaintiff and told him of defendant's statements, and plaintiff, Davison and Mitchell, relying on defendant's promises, then signed the bail in the presence of defendant.

The evidence was rejected on defendant's motions and objections on three grounds.

The first ground was that, because defendant made no promise to plaintiff but only to Mitchell and Davison, plaintiff, in signing the bail, was a mere volunteer. Counsel for defendant, in pressing and briefly arguing this point seem to fail to recognize that a promise may be made to one person for the benefit of another. See Williston on Contracts, Chapter 13. That the contract which plaintiff tried to

prove was a contract of that kind may be doubted. The offered evidence may have warranted the view that defendant's promise was not only to Davison and Mitchell, but also, through Davison as intermediary, to plaintiff. However that may be, it is clear that the contract was for plaintiff's benefit, and that he was a party to the consideration and a real party in interest.

While it seems from the record that the plaintiff's evidence was rejected on the ground just discussed, we must decide whether either of the other grounds was sufficient to justify the court's rulings.

The defendant urges most earnestly the contention that the plaintiff and Mitchell and Davison, as joint promisees, had only a joint right which could only be enforced as a joint cause of action; that the prosecution of this action by plaintiff after the prosecution of the former action by Davison and Mitchell is a violation of the rule forbidding the splitting of causes of action, and the present action is barred by the judgment in the former. An examination of the code provisions as to parties will show, we think, that the judgment in the former action, to which plaintiff in this action was not a party, cannot be given the effect defendant claims for it.

The code provides that all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs (§ 5592), and that parties who are united in interest must be joined as plaintiffs or defendants (§ 5594). A defect of parties plaintiff, if it appear on the face of the petition, may be taken advantage of by demurrer (§ 5651); if it does not so appear, the objection may be taken by answer, and if no objection be taken either by demurrer or answer, the defendant is deemed to have waived the same (§ 5653). Gilland v. Union Pacific R. Co., 6 Wyo. 185, 192, 43 Pac. 508; Fidelity & Guaranty Co. v. Parker, 20 Wyo. 29, 51, 121 Pac. 531. By Section 5600, it is provided:

"The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in or dismiss the action without prejudice."

"When a complete determination of the controversy cannot be had without the presence of other parties" is where there are persons not parties whose rights must be ascertained and settled before the rights of the parties to the suit can be determined. Fidelity & Guaranty Co. v. Parker, *supra*. Doubtless, as said in McMahon v. Harrison, 12 How. Pr. 39, 45, there are many other cases in which a defendant may require other parties to be brought in, so that the judgment in the action may protect him against the claims of other parties, but this is his privilege, and he may waive it. Under Section 5600, if the court can do justice as between the parties to the action without prejudice to the rights of others, or by saving their rights, it may proceed to do so.

When plaintiff and Davison and Mitchell signed the bail they assumed a joint and several obligation to pay the judgment. When they discharged that obligation, they did not pay from their joint property or a joint fund, but paid several and separate amounts. Whatever may be said as to the right of defendant to insist on their joining in one action when suing on the contract, it is clear that there is no practical difficulty in separating the damage of Davison and Mitchell, as adjudicated in the former action, from the damage which plaintiff seeks to recover in this action. The plaintiff claims no interest in the $2500 collected on the judgment in favor of Davison and Mitchell, and they claim no interest in the $500 which plaintiff is now trying to collect. The recital of the judgment in the former action shows that the court did not then attempt to adjudicate the question of the right of the plaintiff to recover the $500 paid by him. It is clear, then, that if the plaintiff in this

action would have been a proper party plaintiff in the former action, he was a necessary party only in the sense that his presence might have been required for the purpose of protecting the defendant from the present suit. See, Becker v. Hopper, 23 Wyo. 209, 221-222, 138 Pac. 179, 147 Pac. 1085, Ann. Cas. 1918 B 35. He was not a party whose absence prevented a determination of the controversy between the parties then before the court. If he had been such a party, it would have been the duty of the court in the former action to order him brought in, or to dismiss the action without prejudice. § 5600.

We hold, therefore, that the court in the former action had a right to, and did, determine the action as a controversy between the parties then before it, without prejudice to, and by saving, the rights of plaintiff which he seeks to enforce in this action.

Although, by the objections in the trial court, defendant contended that plaintiff's offered evidence was inadmissible because it proved only an oral promise to answer for the debt or default of the elevator company, this ground of objection is not argued, nor even mentioned, in the brief of defendant in this court. In the circumstances we shall not undertake to discuss the vexed question of the applicability of the statute of frauds (C. S. 4719) to indemnity cases. Those who wish to pursue the question will find discussions in Williston on Contracts, § 482; Browne on Statute of Frauds, (5th ed.) § 161-162; 41 Harv. L. Rev. 689; 68 Pennsylvania L. Rev. 137; 9 Minnesota L. Rev. 401. For the purposes of this case it is enough to say that we are of opinion the plaintiff's offered evidence was sufficient at least to raise an issue of fact which might have been resolved by holding that defendant, by his alleged promise, assumed a primary or original, as distinguished from a secondary or collateral, liability. If the question had been so resolved, the statute of frauds would not have prevented a recovery. This ground of objection, therefore, afforded

no reason for excluding the evidence of defendant's promise and the surrounding circumstances.

For the error in excluding the plaintiff's evidence the judgment must be reversed and the case remanded for a new trial.

BLUME and RINER, JJ., concur.