BERNHARDT W. YERKES v. CARL DANGLE, who was sued with Joseph Taylor.

(*April* 30, 1943.)

SPEAKMAN, J., sitting.

*Joseph D. Craven* for the plaintiff.

*William Prickett* for the defendant.

Superior Court for New Castle County, No. 78, May Term, 1942.

SPEAKMAN, J., delivering the opinion of the Court:

The judgment in this case was entered pursuant to the authority of the first paragraph of *Section* 4580 of the *Code* of 1935, which provides that: "If the defendant in a writ of summons, shall not appear at the return day thereof; and it shall appear by the return that he was duly summoned, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rules and practice of the court."

The second paragraph of said Section, and also *Section* 4279 of the *Code* require some consideration in connection with the defendant's application.

The second paragraph of *Section* 4580 also provides as follows: "But if the defendant shall, at or before the next term after such judgment, by affidavit deny notice, or knowledge, of such suit before the judgment was rendered, and shall allege that there is a just, or legal, defense to the action, or some part thereof, such judgment shall be taken off and he shall be permitted to appear; any execution which may have been issued thereon to remain cautionary."

The provisions of *Section* 4279 are as follows: "The Judges who give any interlocutory judgment, shall, on motion, make an order, in the nature of a writ of inquiry, to charge the jury attending at the same, or next Court, to inquire in open Court, of the damages and costs sustained by the plaintiff in such action, and return their inquisition; whereupon the Court may proceed to judgment."

The defendant contends that when *Section* 4580 refers to "at or before the next term after such judgment" as the time within which the defendant must move to have such judgment taken off, it is referring to the final judgment, which is the only real judgment in the proceeding. With this I cannot agree. The judgment referred to is the judgment entered pursuant to the provisions of *Section* 4580. It may be either interlocutory or final. In the present case the action sounds in damages, therefore the judgment entered pursuant to said Section was interlocutory: that the plaintiff sought to recover his damages. 1 *Tidd.* 568; *Black on Judgments, Sec.* 28. See, also, *Daniel v. Cooper,* 2 *Houst.* 506; *Citizens' Loan Ass'n v. Martin,* 1 *Marv.* 213, 40 A. 1108.

There is another reason why the second paragraph of *Section* 4580 is not pertinent. In the case of *Brown v. Philadelphia, W. & B. R. Co. (C. C. Del.* 1881) 9 F. 183, cited by our Supreme Court in *Miles v. Layton,* 8 *W. W. Harr.* (38 *Del.*) 411, 193 A. 567, 112 A. L. R. 786, Judge Bradford correctly held that said paragraph of said *Section* 4580 (then *Sec.* 3, *Ch.* 102, *Rev. Code* 1874) was intended to cover only the situations where the Sheriff had returned that the defendant had been served, when, as a matter of fact, this was not the case, and a judgment by default had been entered against the defendant.

In the present case there is ample to show that service of the original writ was, in fact, made by the Sheriff.

The defendant further contends that irrespective of *Section* 4580, the Court had inherent power, at any time, to open a default judgment and let the defendants into a trial of the case on the merits. Much has been said to the effect that under the common-law rule a Court at law has no control over its judgments after the adjournment of the term at which they were entered. To this rule there are many

exceptions. It has never been applied to interlocutory judgments or orders.

1 *Freeman on Judgments,* 5th *Ed., Sec.* 200; 1 *Black on Judgments,* 2d *Ed., Sec.* 308; 31 *Am. Jur.* 275.

The plaintiff concedes that under the authority of *Baugh & Sons Co. v. Crowell Corp.,* 5 *W. W. Harr.* (35 *Del.*) 17, 156 A. 872, the inquisition at bar is invalid. It was not had "at the same, or next Court" after the entry of the interlocutory judgment, as required under the provisions of *Section* 4279. It was had at the present March Term of Court, which is the second Court next after the entry of the interlocutory judgment, so the application in the instant proceeding is limited to the interlocutory judgment by default for want of an appearance.

At common law the Court of King's Bench had jurisdiction to set aside a judgment by default, though regular, when the plaintiff had not lost a trial, upon the defendant pleading a fair plea instanter and payment of costs. *Wood v. Cleveland,* 2 *Salk.* 518, 91 *Eng. Rep.* 441, *S. C. Holt* 560, 90 *Eng. Rep.* 1209.

In *Fox v. Glass,* 2 *Str.* 823, 93 *Eng. Rep.* 873, Holt, C. J., said: "The Court had long refused to set aside a judgment which was regular on putting the plaintiff in as good a condition, but upon pressing the practice of C. B. I broke through in this case [referring to 2 *Salk.* 518] and now they do it every day."

This common-law jurisdiction has been adopted and followed in practice by this Court. See *Brown v. Philadelphia, W. & B. R. Co., supra,* and *Miles v. Layton, supra.* In the Brown case, a certificate as to the practice in the State Courts, signed by all of the then Judges of this Court, was relied on. It was the opinion of the Law Judges that the practice of this Court is to take off a judgment by default for want of an appearance, when the application for that pur-

pose is made without unreasonable delay, and the Court is satisfied that the failure of counsel to appear at the return term was not owing to gross carelessness, provided they were satisfied that the defendant had a good defense to the whole or some part of the cause of action.

I regret that no attempt was made in this proceeding to meet the averments in the defendant's affidavit concerning the information given to him in the Prothonotary's office; however, as the averments have not been denied they must be accepted as true, for the purpose of this proceeding. The authorities recognize that litigants are entitled to rely on statements by officials charged with the custody and control of papers and records relating to judicial proceedings in which they are interested, and about which information is sought, and that a judgment by default will be opened if it is due to the inaccuracy of information given by such officials. *Logan v. Southall*, 137 *Iowa* 372, 115 *N. W.* 19; *Anaconda Mining Co. v. Saile*, 16 *Mont.* 8, 39 P. 909, 50 *Am. St. Rep.* 472; 1 *Freeman on Judgments, Sec.* 245; 34 *C. J.* 299. The defendant contends, however, that there was a lack of reasonable diligence on the part of the defendant, because he relied upon the "misinformation he claims to have received from the Prothonotary's office" instead of the letter of September 2, 1942. The letter was amply sufficient to put a careful and prudent man upon inquiry, but when the other circumstances of the case are considered, I do not think that it can properly be said that the default occurred by reason of absence of, or such a lack of, care by the defendant as to amount to gross carelessness. The application for relief was made promptly, and the facts as averred by the defendant, if true, constitute a just and legal defense to the plaintiff's claim. The ultimate aim of litigation is the speedy determination of causes according to their real merits. In this case I think that substantial justice between the parties can best be accomplished, and without delay to the plaintiff, by granting the defendant's application. An order will be

signed opening the judgment to let the defendant into a defense upon filing a plea to the merits on or before May 5, 1943, upon the payment of the accrued costs to date, and upon agreeing upon the application of the plaintiff to having the case marked for trial at the May Term, 1943.