THE RIM GROUP, a mining joint venture,

*Plaintiff and Respondent,*

vs.

MOUNTAIN MESA URANIUM CORPORATION, a Wyoming Corporation, SAN JUAN URANIUM EXPLORATION, INC., a Colorado Corporation, CHARLES M. COLEMAN,

*Defendants,*

and

RIVERTON URANIUM CORPORATION, a Nevada Corporation,

*Defendant and Appellant.*

(No. 2797; February 11th, 1958; 321 Pac. (2d) (229)

For the defendant and appellant, the cause was submitted upon the brief of Spence and Hill of Riverton, Wyoming, and oral argument by Albert W. Dilling of Chicago, Illinois and G. L. Spence.

For the plaintiff and respondent, the cause was submitted upon the brief of Smith and Nicholas of Lander, Wyoming, and oral argument by W. A. Smith.

Heard before Blume, C.J., and Harnsberger and Parker, J.J.

## OPINION

Mr. Justice Parker delivered the opinion of the court.

This is an appeal from a denial of a motion to vacate a default judgment against appellant, Riverton Urani-

um Corporation, one of several defendants in a suit to quiet title to certain mining claims. It is urged that the motion should have been granted because appellant (a) had no notice of the time set for trial and (b) had a meritorious defense to the action.

Assuming, without deciding, that the setting of the case was required to be made by a formal order, we find that the record shows, and it is conceded, that the court on November 9, 1956, signed and entered an order setting the case for hearing on December 6, 1956; but appellant denies having received a copy of the order and further urges that the default was taken on December 7 and not on December 6, the day set for the hearing. Reliance is placed upon the provisions of § 3-211, W.C.S.1945, which statute requires the clerk of a district court to send copies of all orders to parties in all contested cases. Appellant's attorney testified that he did not receive a copy of the order and *assumes* that the clerk failed to comply with this statute. At the hearing on the motion the trial court asked appellant's attorney, "Will you put the Clerk on the stand and find out whether or not he sent you a copy of that [the November 9 order]?" Counsel responded, "Yes, I will in due course of this proceeding." Unfortunately, he failed to do so.

The law is well settled that in the absence of a showing to the contrary a public officer is presumed to have performed a duty imposed upon him by law. See 43 Am.Jur., Public Officers § 511; 20 Am.Jur., Evidence § 171; 31 C.J.S., Evidence § 146; Laramie Irrigation & Power Co. v. Grant, 44 Wyo. 392, 13 P.2d 235; and Merryman v. School Dist. No. 16, 43 Wyo. 376, 5 P.2d 267, 86 A.L.R. 1181. Applying this rule to the officer here concerned, we find that "It will be presumed, in the absence of any showing to the contrary, that a

clerk [of court] has performed a duty imposed on him by law." 14 C.J.S., Clerks of Courts § 46. Appellant must then be taken to have received the order setting the case for hearing on December 6, 1956. This is in accordance with the general rule of law on the subject, and in this instance we think no inequity results since appellant failed to comply with the court's request to clarify the matter.

We turn then to the fact that the case having been set for December 6 was passed on that day and the default taken on December 7. Under our previous rulings, a litigant is required at his peril to be familiar with and adhere to the schedule of the court in the trial of cases. In Spriggs v. Goodrich, 74 Wyo. 185, 285 P.2d 1103, 1109, 289 P.2d 648, we quoted with approval the case of Boulter v. Cook, 32 Wyo. 461, 234 P. 1101, 236 P. 245, as follows:

" 'It is the duty of a party, or his attorney, to take account of the time and place of holding court, the position of the case on the calendar, and the state of the calendar' * * *."

This is in accord with the general rule. See 53 Am. Jur., Trial § 10. Applying the principle to the present situation, we think the court was fully justified in continuing to give its attention to another matter before it and at the conclusion thereof disposing of the litigation in which appellant was interested. It would be impractical to require a trial court to give a separate notice of hearing to any litigant whose case was postponed for a short time because of a priority of other hearings. In fact, we think it would be an obstruction of justice and an unwarranted delay in procedures. A litigant whose case is set but not reached because of other pending matters is obligated to await and be prepared to proceed at such time as the court is free.

The briefs and arguments have dealt with affidavits and testimony of counsel and the statement of the court regarding the claimed actual notice or lack thereof as to the setting of the case. It is always to be regretted that any important matter must depend upon the recollection of persons interested in the outcome rather than to be determined by routine procedures or formal instructions. Be that as it may, the recollections of either court or counsel on these points become immaterial in the light of the presumption above discussed.

Although a consideration of the merit of appellant's defense is unnecessary to a disposition of the case, this point may be of some interest. The Motion to Vacate Judgment in alleging the meritorious defense recited, inter alia, appellant's derivation of title, the assignment of rights of predecessors in interest to it, its present ownership of legal and equitable mining rights in the claims, a settlement between plaintiff and Mountain Mesa Uranium Corporation without appellant's knowledge, a denial by Mountain Mesa of appellant's rights, and a suit in the Federal district court to adjudicate such rights. Nothing in said motion alluded to any specific matters which bore upon the rights of appellant in the mining claims as opposed to the plaintiff's. A review of the exhibits which were rejected by the trial court indicates that they related primarily to the chain of title of appellant and constituted no claimed basis of right of either Riverton Uranium Corporation or its predecessors in interest against The Rim Group. The Motion to Vacate Judgment did not allege, and the appellant in the hearing thereon did not offer to prove, either the nature of the original instrument from which it claimed to derive title or its compliance with the terms of said instrument. Thus, there was no clear showing of a meritorious defense

upon which the trial court could properly exercise its discretion to vacate the judgment. It is significant also to note counsel's repeated statements in both testimony and argument that his client had relied upon Mountain Mesa to "carry the ball." On one occasion he said, "we are following along on the coattails of Mountain Mesa." Appellant is therefore in no position to rely as it does upon the pronouncement of Eager v. Derowitsch, 68 Wyo. 251, 232 P.2d 713, which indicates the desirability of trying cases on the merits but also points out that the determination of the propriety of vacating a judgment and allowing a new trial is within the sound exercise of judicial discretion by the trial court. Appellant may have had a meritorious defense, but if so, the facts to substantiate it should have been presented to the trial court as a justification for the vacation of the default judgment.

Affirmed

## ON PETITION FOR REHEARING

(No. 2797; April 15th, 1958; 323 Pac. (2d) 939)

## OPINION

Mr. Justice Parker delivered the opinion of the court.

The Riverton Uranium Corporation in its application for rehearing concedes that in the absence of a showing to the contrary a public officer is presumed to have performed a duty imposed upon him by law but urges the existence in the present case of uncontradicted testimony refuting the presumption that the clerk mailed the order. No such testimony is pointed out, and a reference to the record shows that the *only* testimony on the subject is that of G. L. Spence. His statements, therefore, are important in the consideration of the application for rehearing.

At one time on direct examination Mr. Spence said, "The order of November 9th was never received." However, with relation to this on cross-examination he stated:

"I can't swear to this Court that I didn't [receive a copy of the November 9th order]. I can only swear to this Court that I haven't a copy of it in my possession * * *."

Later Mr. Spence in purporting to ask himself questions by way of redirect examination avoided any

statement relating to the *mailing* of the order as provided by statute but instead approached the matter solely from the standpoint of the *knowledge* which he had, saying, "I am willing to represent that we had no actual knowledge of the setting of this matter on December 6th, 1956."

Since the law presumes that the clerk mailed a copy of the order to the Riverton Uranium Corporation and such presumption stands unrebutted, the case must be resolved on that basis. Accordingly, the petition for rehearing must be denied.

Denied.