[Sac. No. 1230. Department Two.—November 14, 1904.]

## JOHANNE GATJE, Respondent, v. E. M. ARMSTRONG, Appellant.

ACTION TO SET ASIDE DEED—FRAUD AND UNDUE INFLUENCE—CONFIDENTIAL RELATIONS—APPEAL—SUPPORT OF FINDINGS—PRESUMPTION.— In an action to set aside a conveyance for alleged fraud and undue influence exercised by the defendant over the plaintiff, in violation of a confidential relation between them, where the judgment is for the plaintiff, it must be presumed upon appeal, in support of the findings of the court, that the court gave full credit to the testimony of the plaintiff, and refused to believe the evidence adduced by the defendant in conflict therewith.

ID.—INADEQUACY OF CONSIDERATION—TAKING ADVANTAGE OF IGNORANCE AND CONFIDENCE.—Where the defendant took advantage of the highest trust and confidence reposed in him by the plaintiff, and of the ignorance of the plaintiff, to obtain a deed from her to him for a grossly inadequate consideration, a court of equity is warranted in finding that the deed was obtained by fraud, and that the same should be canceled.

ID.—EQUITY—ADJUSTMENT OF ACCOUNTS.—The defendant having obtained the conveyance by fraud, equity invests him with the character of a trustee for plaintiff, and a court of equity will do complete justice between the parties, and to this end will adjust the accounts between them in relation to the land, and will offset the claim of one against the other, and will not require the plaintiff to restore to defendant money received, where it is shown that the latter has already realized out of the trust estate more than the amount paid by him to the plaintiff in the original transaction.

ID. — UNNECESSARY TENDER BY PLAINTIFF — RELIEF UNDER GENERAL PRAYER.—The fact that the plaintiff at one time tendered to defendant what he was not entitled to receive is immaterial; and under the prayer for general relief the court can give such relief as plaintiff was entitled to.

ID.—FRAUD UPON DIVORCED HUSBAND—ESTOPPEL OF DEFENDANT.—The defendant will not be permitted to validate his own fraudulent act by showing that the plaintiff, whom he has defrauded, intended by the conveyance to defraud her divorced husband.

APPEAL from an order of the Superior Court of Glenn County denying a new trial. Oval Pirkey, Judge.

The facts are stated in the opinion.

E. A. Bridgford, and William M. Finch, for Appellant.

Frank Freeman, and Charles L. Donohoe, for Respondent.

GRAY, C.—This is an action to set aside a conveyance of upwards of three hundred acres of land in Glenn County, alleged to have been procured by defendant from plaintiff by means of fraud and undue influence exercised by the latter toward the former, and to compel defendant to reconvey said lands to plaintiff. The case was tried without a jury, findings were waived, and judgment was entered in plaintiff's favor. The appeal is by defendant from an order denying him a new trial.

The main contention of appellant is to the effect that the decision of the court is unsupported by the evidence, and there being no findings in the case, appellant endeavors to show that upon no reasonable theory of the evidence can the judgment of the court find support.

In support of the judgment it is proper to presume that the trial court gave full credit to the testimony of the plaintiff in the case and refused to believe the evidence adduced by defendant wherein it conflicted with plaintiff's evidence.

Plaintiff's story as told upon the witness-stand was, in substance, that she was a German woman little versed in the English language, with very little knowledge of business, and no knowledge of law. That a short time before meeting the defendant she had been divorced from her husband. That the real property in dispute here had belonged in part to her divorced husband and in part to herself, the whole having a mortgage on it for about three thousand dollars. That the husband had conveyed his part of the property to plaintiff that she might dispose of it the more conveniently by sale or otherwise and thereafter restore to him in money the equivalent of his interest in the aggregate property. The plaintiff was sent by an employment agency in San Francisco, at the request of defendant, to see the defendant, on Taylor Street in said city, where defendant seems to have been waiting in bed to undergo some kind of a surgical operation. The plaintiff waited on defendant for a few days subsequent to the operation, for which the defendant paid her. He also engaged her to go with him to Iowa Hill, in Placer County, there to cook for him and his men for wages at a certain mine which defendant was managing. Soon after going there, and after mutual protestations of love between the pair, plaintiff

and defendant became engaged to be married, and also thereafter became intimate sexually. This relation existing between them, and he being a shrewd business man, the plaintiff soon came to rely on defendant for advice and aid in conducting her business in connection with her land in Glenn County. The defendant undertook to procure a loan for plaintiff to take up the three-thousand-dollar mortgage when the same should fall due, but failed to obtain the same. While her affairs were in this condition, defendant came to plaintiff, with a paper in his hand, and informed her that her divorced husband was threatening a suit to get his property back from her. Defendant advised plaintiff that she would lose her property if she did not follow his directions. The plaintiff acted upon this advice, and in obedience to defendant's directions conveyed the property to defendant, receiving therefor his note for five hundred dollars, together with a check for five hundred dollars more. She testifies, in substance, that this was a mere colorable transaction, that defendant agreed that plaintiff "could have her property back for the same amount of money." She says, "He told me you can take this five-hundred-dollar check and you can buy your children some clothes and send for your children." That thereafter she offered him the said note and check and demanded her property back; that he then informed her that it was not time yet to reconvey, for the reason that her husband had sued her "down in the city." She says: "When I told him to give me my property back, he said it is n't time to do it now, your home is with me, you go to Iowa Hill, that is the place where you have to stay." Thereafter she returned to Iowa Hill. Some months later defendant repudiated his agreement to marry the plaintiff, refused to return her property to her, and told her "to get out," claiming that he had bought the property and that it was his own.

It further appears from the evidence that the property in dispute is of the value of about ten thousand dollars.

We think that the foregoing evidence warrants a court of equity in finding that the deed from the plaintiff to defendant was obtained by fraud, and that the same should be canceled.

Conceding that there was no false representation as to a suit having been threatened by plaintiff's divorced husband,

the relations of the parties were of such a character that it was natural for plaintiff to repose, as she did, the highest trust and confidence in defendant. The defendant took advantage of this confidence and of the ignorance of plaintiff to obtain a deed to this property for about half what it was worth. The gross inadequacy of the consideration, combined with the condition of dependence, trust, and confidence of the plaintiff in the defendant, we deem entirely sufficient to predicate the decree of fraud upon.

The decree requires the plaintiff to cancel and surrender to defendant the five-hundred-dollar note, which she received from him, but does not require the restoration of the five hundred dollars received in the check, or any other sum of money paid out by defendant on account of this land. In this, however, we see no error. It is true defendant paid off the mortgage on the property amounting to $3,304. He also re-mortgaged it for fifteen hundred dollars, which amount at least seems still to be a lien on the property. In addition to this the defendant received rents from the property, as conceded in his reply brief, to the extent of $1,588.55. It also appears that defendant sold some forty-five acres of the place. It is fair to presume that the trial court sitting as a court of equity, to determine what the decree should be, charged the defendant with the full value of this land at thirty dollars per acre, as shown by the testimony of the witnesses, which would amount to $1,350 for the forty-five acres. If we add the amount of the outstanding mortgage of fifteen hundred dollars to the total of the value of the forty-five acres sold and the amounts received in rents, the sum is about $4,438. Deduct from this the total of $3,304 paid on the mortgage and the five hundred dollars given to plaintiff at the execution of the deed, and we have left $634. Of course, nothing should be allowed for the item of $1,260 paid by defendant for a strip of land adjoining the land in controversy. This strip is no portion of the land here in controversy, and has nothing to do with the case in hand. The court was also warranted in refusing to allow defendant anything for his personal services or expenses in connection with the land, for the reason that there is evidence tending to show that those services and expenses were voluntary acts of kindness which plaintiff was led to believe were to be performed without compensation. There

are some items of expenditure upon the property, such as insurance, taxes, abstracts, repairs, etc., amounting in the aggregate to less than five hundred dollars, which the court may have offset against the balance of $634 mentioned above; and if they were so offset the appellant can find no ground of complaint therein. The defendant having obtained the conveyance by fraud, equity invests him with the character of a trustee, and he holds the property in trust for plaintiff, and a court of equity will do complete justice between the parties, and to this end will adjust the account between them in relation to the land and will offset the claim of one against the other, and will not require the plaintiff to restore to defendant money received when it is shown that the latter has already realized out of the trust estate more than the amount paid by him to the plaintiff in the original transaction. The valid claim for money by the one will be treated as extinguishing, so far as it will go, a similar claim by the other, leaving nothing to be returned or restored where the claim is thus fully extinguished. (*More* v. *More,* 133 Cal. 489.)

Nor is it material that plaintiff on one occasion tendered to defendant the five-hundred-dollar check and in her complaint offers to restore the five hundred dollars represented by the check. From the evidence the court was warranted in finding that this offer was more than the defendant was entitled to receive, and under the general prayer for relief can give to plaintiff such decree as she was entitled to.

The contention of appellant that plaintiff should be refused relief because the purpose of the conveyance was to defraud her divorced husband is disposed of by the recent well-considered case of *Donnelly* v. *Rees,* 141 Cal. 56. The defendant will not be permitted to validate his own fraudulent act by showing that the party he has defrauded intended to defraud some other person.

Some alleged errors of law occurring at the trial are referred to by appellant. We have examined these and find that they are not of sufficient importance to warrant a discussion.

We advise that the order denying a new trial be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.

Hearing in Bank denied.