[S. F. No. 4129. Department Two.—November 8, 1905.]

## C. C. STOHR, Executrix of Will of Clotilda R. Richardson, Deceased, Respondent, v. FRANK STOHR, Appellant.

EXECUTORS AND ADMINISTRATORS—SUIT BY EXECUTRIX TO CANCEL DEED FROM DECEDENT TO CO-EXECUTOR INDIVIDUALLY.—Where plaintiff as special administratrix sued to cancel a deed from the decedent to the defendant, on the ground of undue influence, and to recover the property for the estate, and, pending suit, a will was probated making plaintiff and defendant executrix and executor, both of whom qualified, and plaintiff was thereupon substituted in her capacity as executrix, she was entitled to maintain the action as executrix; and the defendant, who is sued individually, and asserts that the property belongs to him and not to the estate, cannot avoid trial upon the merits and hold on to the property on the ground that, because he was one of the executors, he could not be sued.

ID.—SUFFICIENCY OF EVIDENCE.—*Held,* that the findings of the court in support of the complaint of the executrix are sufficiently justified by the evidence, showing the mental incompetency of the deceased and the undue influence of the defendant in procuring the deed.

ID.—SUFFICIENCY OF COMPLAINT.—While the complaint would have been in better form if certain technical terms had been used, it will be sustained where it states a cause of action, and sufficiently states the case of mental incompetency on the part of the deceased and undue influence on the part of the defendant.

ID.—ARGUMENT UPON APPEAL—INSUFFICIENT STATEMENTS IN BRIEF.—A mere formal reference in appellant's brief to many exceptions to the rulings of the court as to admissibility of evidence, with no argument on the exceptions, is insufficient to require this court to consider them in detail.

ID.—CONSTRUCTION OF FINDINGS—HARMONY—ABSENCE OF SUGGESTION AS TO DISPOSITION OF PROPERTY—REFERENCE TO WILL.—Findings which may appear contradictory must be reconciled if it can be reasonably done; and a finding that defendant "made no suggestion and offered no advice to deceased about the disposition of her property," which is inconsistent with the other findings if deemed to refer to the disposition by deed, but which may be reasonably reconciled and construed in harmony by referring it to the disposition of property by will and not by deed, must be so construed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Robert Ash, for Appellant.

Nowlin & Fassett, and H. M. Anthony, for Respondent.

McFARLAND, J.—The plaintiff is the daughter, and the defendant is the son, of Mrs. Clotilda R. Richardson, deceased, who died on the fourth day of March, 1903. Plaintiff and defendant are the only heirs at law of said deceased. Shortly after her death the plaintiff herein was appointed special administratrix of her estate, and commenced this action to obtain a judgment canceling and declaring null and void a certain written instrument dated the eighteenth day of August, 1902, purporting to be a deed executed by the deceased, and conveying to the defendant herein a certain piece or parcel of land, and decreeing that said property belongs to said estate. Judgment went for plaintiff, and from the judgment and from an order denying his motion for a new trial the defendant appeals.

After the commencement of the action a will of the deceased in which plaintiff and defendant are named as executrix and executor was probated, and the said parties qualified as such executrix and executor. Afterwards the court made an order substituting said C. C. Stohr in her capacity as executrix, in

place of herself as special administratrix, as plaintiff, and appellant makes the point that the judgment is erroneous upon the principle that one executor cannot maintain an action against his co-executor for exclusive possession of property of the estate, etc. But this principle does not apply to the case at bar. The plaintiff sued the defendant in his individual capacity, and this phase of the case was not changed by the fact that defendant afterwards became an executor. The action is not by one executor to recover from a co-executor exclusive possession of property admitted by both to be property of the estate. It is an action by an executrix to recover what she claims to be property of the estate from the defendant, who asserts that such property belongs to him in his individual capacity, and is not an asset of the estate. The plaintiff is the proper person to maintain the action; and if the alleged cause of action is well grounded and the land in question ought to be decreed to be the property of the estate, the defendant cannot avoid a trial of the merits and hold onto the property upon the ground that because he was one of the executors he cannot be sued.

The main contention of appellant is that the material findings of the court are not justified by the evidence. The court found, as alleged in the complaint in brief, that at the time the deed in question was signed by the deceased she was suffering from a stroke of paralysis and was greatly enfeebled physically, and that her mental faculties were "so impaired and her will weakened and her mind and reason affected to such a degree as to render her incapable of a prudent and proper management of her property and affairs"; that defendant lived with her and was her confidential business agent and had an intimate and confidential association and relation with her, and had her trust and confidence, "and was able to and did exercise great influence and control over her will"; that at the time of the signing of said deed the defendant, well knowing the weakened condition of her mind and her will and her mental incompetency and of his control over her will, and "with intent to take an unfair advantage of the weakness of the mind of the said Clotilda R. Richardson and gain possession of her property, induced and persuaded the said Clotilda R. Richardson to make and acknowledge" the said deed; that said deed was never delivered by the said deceased

to said defendant, and was not intended by the said deceased to be delivered to him; that defendant afterwards took said deed from the possession of deceased and had it recorded; that afterwards, when her mind had temporarily brightened, she discovered what had been done, and demanded of defendant that he reconvey the property to her, or else convey the undivided one half thereof to plaintiff herein, so that her property should be equally divided between said plaintiff and defendant; that defendant promised her to do so, and afterwards informed her that he had complied with her request and had executed a deed of the undivided one half of said property to plaintiff, when in truth and in fact he had not done so. We think there was sufficient evidence to warrant the court in making these findings. There was clearly sufficient evidence of the mental condition of the deceased as found by the court; and while the evidence was not quite so strong as to the other findings, still there was so much evidence to sustain them that we would not be warranted in disturbing them.

Appellant contends here for the first time that the complaint does not state facts sufficient to constitute a cause of action; but while the complaint would have been in better form if certain technical terms had been used, still we think that it sufficiently states the case of mental incompetency on the part of the deceased and undue influence on the part of the defendant.

There are in the record between thirty and forty exceptions to the rulings of the court as to admissibility of evidence. These are, as a rule, referred to in appellant's brief in a merely formal manner,—as, for instance, "Exceptions No. 7, folio 138, and No. 8, folio 142, should have been sustained,"—with no argument on the exception. This court could hardly be expected to follow such meager references; however, in looking over the evidence we have noticed these exceptions, and we have seen in the rulings excepted to no prejudicial error.

It is contended that finding 11 is contrary to the other findings, because in such finding it is found that defendant "made no suggestion and offered no advice to deceased concerning the disposition of her property." It would be strange if the court, after having specifically found that defendant did procure the making of said deed in question, should have

afterwards found that he did not do so. It is evident, however, that in the portion of finding 11 above quoted the court was not referring to the deed at all. There was evidence that the deceased had made a will, and it is apparent that in finding 11 the court was referring to her disposition of property by said will, and not by the deed. In finding 11, immediately after the part thereof above quoted, is the following: "But it is not true that the deceased made her last will on or about the 18th day of August, 1902." Findings which at first blush seem to be contradictory should be reconciled, when it can be reasonably done; and we think it quite reasonable to hold that finding 11 has reference to a disposition by will and not to the deed out of which this litigation arises.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.