[Sac. No. 1922. Department Two.—September 23, 1912.]

FANNY FIEG, Respondent, v. EMANUEL GJURICH,
Appellant.

FRAUDULENT CONVEYANCE—CANCELLATION—DEED TO ESCAPE CONFISCA
TION BY REVENUE OFFICERS—GRANTEE IN CONFIDENTIAL RELATION
WITH GRANTOR.—A deed to one standing in a relation of trust and
confidence to the grantor, which was induced by the false and fraudulent representations of the grantee that it was necessary to prevent
the property conveyed from being confiscated by United States
revenue officers for alleged infractions by the grantor of the revenue
laws, may be set aside on the ground of fraud. Under such circumstances the rule denying equitable relief where the parties are *in
pari delicto* has no application.

ID.—CANCELLATION WHEN PARTIES OCCUPY RELATION OF TRUST AND
CONFIDENCE.—Where a defrauded grantor acts under the influence
and domination of another standing in a relation of trust and
confidence, and the conveyance is obtained by means of that very
relation, equity will always cancel the deed.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order refusing a new trial.
C. W. Norton, Judge.

The facts are stated in the opinion of the court.

Jacobs & Flack, and A. H. Carpenter, for Appellant.

Charles Light, and Percy S. Webster, for Respondent.

MELVIN, J.—This action was brought by Fanny Fieg for
the setting aside of a conveyance of real property on the
ground of fraud. The court gave judgment in her favor.
From it defendant appeals and also prosecutes an appeal
from the order denying his motion for a new trial.

The findings, which are amply supported by the evidence,
are to the effect that for ten years prior to the delivery of
the deed from plaintiff to defendant, the parties to this action,
although unmarried, had cohabited and lived together on the
premises owned by the plaintiff, as husband and wife; that
they had there conducted a saloon, defendant acting for plaintiff and transacting nearly all of the business of the place for

her; that she reposed an especial confidence and trust in defendant and was in all things influenced and controlled by him; that Fanny Fieg was an old woman, infirm in health and particularly susceptible to the influence of defendant for those reasons; that defendant corresponded with a special agent of the treasury department of the United States, informing him that uncanceled revenue stamps could be found upon plaintiff's premises, and that through his efforts revenue officers visited the place, and, assisted by defendant, there found uncanceled revenue stamps; and that plaintiff did not know of the existence of such stamps on the premises before they were found by the revenue officers. There are further findings reciting the means by which defendant worked upon the fears of the aged plaintiff until she executed a deed conveying all of her property to him. It is not necessary to recite all of these findings, but among them are the following:—

"That beginning about two weeks immediately preceding said 27th day of November, 1907, said defendant at different times during said two weeks told said plaintiff that said revenue officers were about to and would again visit her said premises, and they would arrest said plaintiff for having in her possession said uncanceled stamps, and also for having in her possession certain confederate bills; that immediately preceding said 27th day of November, 1907, said defendant held in his hand and showed said plaintiff a letter which he said that he had just received from the said revenue officers; that in and by said letter he was informed and notified that the said revenue officers were coming to her said premises, and that said revenue officers would then and there arrest said plaintiff, and that said revenue officers would proceed to and would confiscate all of her said property, and that she would be imprisoned in the state's prison from five to ten years; that said defendant then and there informed said plaintiff that there was but one way of saving her property from said threatened confiscation and loss and that was by conveying the whole of her said property to him, defendant; that he, defendant, would save and hold all of her said property for her."

We are at a loss to know why appellant contends that such representations shown to have been false were not sufficient to constitute fraud and to support the judgment. The whole

record shows a most despicable and carefully planned swindle by which the old woman was deprived of her property. Appellant's principal contention seems to be that the land having been conveyed to defeat the government, it may not be recovered by the grantor. In this behalf he cites such cases as *Hills* v. *Sherwood*, 48 Cal. 386, and *Sexey* v. *Adkinson*, 34 Cal. 346, [91 Am. Dec. 698], which hold that a conveyance made for the purpose of defrauding creditors is good as against all the world except creditors. But such cases have no application here. The rule announced by those cases applies to persons *in pari delicto;* but where one acts under the influence and domination of another standing in a relation of trust and confidence, and the conveyance is obtained by means of that very relation, equity will always cancel the deed. (6 Cyc. of Law and Procedure, p. 317, and cases there cited.)

No other questions raised by appellant require special comment.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.