[Civ. No. 653.  Fourth Appellate District.—January 13, 1933.]

MINNIE PIPER, Respondent, v. JOHN SOMERVILLE, Appellant.

J. Walter Hanby and Harry T. Young for Appellant.

Randall & Bartlett, George Francis and Kenneth W. Kearney for Respondent.

MARKS, J.—The parties to this action are Indians. They lived together on respondent's farm in Inyo County in the relation of husband and wife without the formality of a marriage ceremony for a period of thirty years. During that entire time appellant acted as the business adviser of respondent and managed all her business affairs. From the manner in which they gave their testimony, and from their letters in the record, it would appear that appellant was much better educated than respondent. He was a deputy sheriff of Inyo County, the local representative of the Indian board and had read some law.

In February, 1931, the city of Los Angeles purchased respondent's farm. For some years prior to the actual consummation of the sale the city had carried on its negotiations through appellant. When the deed to the city was recorded the balance of the selling price of $23,678 was paid, ten per cent of this amount having been paid when a contract of sale was executed. This final payment was in the form of a check drawn in favor of Minnie and John Somerville. They took it to the city of Los Angeles, where they opened two separate accounts in a bank, each depositing $10,678.18. They then bought an equal amount of stocks and bonds, each investing $9,021.36. The balance of the money was left in their separate accounts from which they each drew $50 in cash and went shopping. They then went to the city of Oakland to have some dental work done. Appellant remained there about two weeks, when he returned to Inyo County. About two weeks later he went back to Oakland and brought respondent to their Inyo County home. On May 22, 1931, he deserted her. Three days later in the city of Los Angeles he met an Indian woman, a resident of Inyo County, whom he had known for

several years, and they were married on July 17, 1931, after which they resided in the state of Nevada.

The testimony of respondent and her witnesses supports the theory that prior to the consummation of the sale of her farm, appellant and respondent had decided to go to Nevada and purchase a farm with the money which was to be received from the city of Los Angeles; that appellant told respondent that if the purchase price of the property were deposited in the bank in her name alone the government of the United States would take about one-half of it for income taxes; that respondent then agreed that the money should be divided and deposited one-half in the name of each.

Respondent brought this action for money had and received to recover the one-half of the final payment from the city of Los Angeles, which had been deposited in the account of appellant. She did not allege nor prove any demand for the return of this money prior to instituting her action. Judgment went for respondent and this appeal followed.

█ Appellant urges that an action for money had and received, without an allegation or proof of a demand for a return of the money, cannot be maintained; that the evidence does not sustain the findings and judgment, and that the transaction between the parties was either a gift or created a trust in appellant in favor of respondent.

The cases of *Quimby* v. *Lyon,* 63 Cal. 394, and *Dunham* v. *McDonald,* 34 Cal. App. 744 [168 Pac. 1063], effectually dispose of the first contention that the action for money had and received under the circumstances of this case cannot be maintained.

█ Under the second contention it sufficiently appears from the record that a relation of trust and confidence existed between the parties; that appellant took advantage of this relation by representing to respondent that the government would take approximately one-half of the selling price of her property for income taxes if she retained possession of all the money received; that for this reason the two accounts were opened and the money divided; that before the money was received appellant led respondent to believe that the money would be re-invested in a farm in Nevada and they would continue their former relations,

living in the new home to be purchased; that shortly after the sale was consummated appellant deserted respondent and married another woman. Similar facts have been held sufficient to support a judgment in favor of a woman thus defrauded by a man with whom she had been living in the relation of husband and wife. Under the peculiar facts here described it has been held that because the property was transferred to the man by the woman under a mistaken belief that all or a part of it would be taken by the government of the United States, and that she would thus evade this taking, is not sufficient to defeat her action to recover the money. A defendant cannot be permitted to validate his own fraud by proving that the person he defrauded intended to defraud another. (*Gatje* v. *Armstrong*, 145 Cal. 370 [78 Pac. 872]; *Fieg* v. *Gjurich*, 163 Cal. 740 [127 Pac. 49]; *Gjurich* v. *Fieg*, 164 Cal. 429 [129 Pac. 464, Ann. Cas. 1916B, 111].)

■ Appellant's last contention that the evidence showed either a gift of the money by respondent to appellant or the creation of a trust is without merit. The testimony of respondent flatly contradicted such a theory and amply supports the implied finding of the trial court that there was neither a gift of the money nor a trust created.

■ Appellant has attempted to appeal from an order denying his motion for new trial. Such an order is not appealable (sec. 963, Code Civ. Proc.), and the attempted appeal therefrom is dismissed.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 13, 1933.