[Civ. No. 17698.   Second Dist., Div. Two.   July 24, 1950.]

VIOLA PAULINE HOLMES, Respondent, v. LESLIE J. HOLMES, Appellant.

H. L. Richardson for Appellant.

Earl C. Broady for Respondent.

MOORE, P. J.—Alleging extreme cruelty by her husband, respondent prayed for divorce and for all the community property. Also, she alleged that she owns in her separate right a certain "chicken shack" which she had operated long prior to her marriage. In his answer and his cross-action appellant denies the cruelty and asserts ownership of an undivided half interest in the shack which he acquired by conveyance of respondent upon his payment of $500 one year prior to the marriage. In her answer to the cross-complaint respondent denied such claim of ownership and alleged that the conveyance of an interest in the chicken shack was procured without consideration and by appellant's fraud in that he falsely represented to respondent that he had $500 for investment, that he would pay that sum into her business, would work in the shack and assist respondent in the management and would marry her; but that he did not pay the $500 or any sum at all and did not contribute any service to the conduct of the business or assist respondent in the management thereof; that his statements were not true and his promises were false; that he did not intend at any time to pay any money or to contribute any services to the shack's business, but made his representations and promises with the intention of defrauding respondent of the half interest; that she believed and relied upon them and solely by reason thereof made the conveyance.

The court below found the facts as alleged by respondent, awarded her an interlocutory decree and annulled the conveyance on both grounds of fraud and of want of consideration.

The evidence supports the finding. Notwithstanding his allegation appellant now claims that the real consideration for the conveyance of the half interest was his promise to marry respondent. No such claim was asserted at the trial. He never paid her the $500; his services for the shack were negligible and for such as he performed he required his wife to pay him wages while she toiled in excess of 18 hours daily.

The court did not believe his narrative about having.$500 and upon the testimony of respondent found that he never paid it and at no time intended to invest that sum in the shack. His false statement that he had the money and his fraudulent promise to pay it to respondent without intention of doing so were sufficient as a basis for annulling the conveyance. (Civ. Code, § 1572, subd. 4.) The fact that he had no money at the time of his promise, thereby rendering him incapable of performance, made such promise fraudulent. (*Langley* v. *Rodriguez,* 122 Cal. 580, 582 [55 P. 406, 68 Am.St.Rep. 70].) Also, his subsequent conduct as alleged and testified by respondent was sufficient proof of his false intention. (*Williams* v. *Hasshagen,* 166 Cal. 386, 392 [137 P. 9]; *Holiday* v. *Tolosano,* 39 Cal.App. 151, 153 [178 P. 170].) But to add insult to injury, in imposing his fraudulent promise upon respondent, he violated her confidence. ■ At the time of the promise and conveyance they were living together as husband and wife. This was sufficient to create a confidential relationship by virtue of which it follows that even though appellant's promise had not at the time of its utterance been tainted with deceit, his subsequent breach thereof constituted an actionable constructive fraud. (*Cox* v. *Schnerr,* 172 Cal. 371, 378 [156 P. 509]; *Fieg* v. *Gjurich,* 163 Cal. 740 [127 P. 49]; 12 Cal.Jur., Fraud and Deceit, § 51.)

In addition to his fraud, appellant paid no consideration for the conveyance. He makes no pretense that he did so. He did not attack the finding of lack of consideration. Since a consideration is essential to the existence of a valid agreement (Civ. Code, § 1550) no contract arose regardless of whether appellant made fraudulent statements as to existing facts or gave promises without intention of performing them.

■ Appellant asserts now that respondent is barred by laches from asserting her accusation of fraud. Such claim was not made in the trial court. It is an affirmative defense and must be alleged and proved unless the complaint effectually discloses it. (*Phoenix Mutual Life Insurance Co.* v. *Birkelund,* 29 Cal.2d 352, 363 [175 P.2d 5].) Since it was not pleaded by either answer or demurrer it deserves no consideration on appeal. (*Hill* v. *Barner,* 8 Cal.App. 58, 69 [96 P. 111].)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.