[Civ. No. 18248. Second Dist., Div. Three. Feb. 15, 1952.]

MILTON A. KRUG, as Special Administrator, etc., Appellant, v. ROSE A. MEEHAM, Respondent.

Gilford & Mendelson and Roy M. Good for Appellant.

Arthur G. Baker for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal in a suit to set aside conveyances of realty. Defendant's demurrer to the second amended complaint was sustained with leave to amend. Plaintiff declined to amend within the time allowed, hence the judgment.

The second amended complaint alleges:

1. Plaintiff is special administrator of the estate of James Cleary who died November 15, 1948, at the age of 78, leaving as his only heirs a son and a daughter.

2. March 11, 1948, Cleary purchased Parcel 1, and April 20, 1948, purchased Parcel 2; both parcels are in Los Angeles County. Title to both parcels was taken in the names of Cleary and defendant as joint tenants. All of the money used to purchase both parcels belonged to Cleary.

3. At the time of the purchases, and for many years prior thereto, Cleary and defendant, although not married, lived and resided together, and maintained the relation of husband and wife. At the time of the purchases Cleary reposed great confidence and trust in defendant, and in her judgment and advice.

4. During said period, and particularly at the time of the purchases, Cleary consulted with defendant relative to his business affairs and followed her advice and instructions in managing them; defendant controlled and influenced the mind and actions of Cleary to the extent that he did whatever she suggested or instructed him to do. Defendant succeeded in substituting her will for the will of Cleary; and by taking advantage of the trust and confidence he reposed in her, succeeded in obtaining her name along with his as grantees in joint tenancy of the properties.

5. The purchases were made and defendant was named as a joint tenant in the deeds as a direct result of the undue

influence exerted as alleged; Cleary at the time of the purchases was acting under and subject to the undue influence of defendant.

6. Defendant sought out and located the properties prior to their purchase and advised, encouraged, and persuaded Cleary to purchase them. Defendant established escrows in connection with the purchases, accompanied Cleary to the place where the escrows were established, handled and took an active part in the preparation, and arranged the details of the signing by Cleary and the preparation of escrow instructions providing for the acquisition of title in her name with that of Cleary as joint tenants. Defendant concealed the fact of such purchases from the children of Cleary, and instructed Cleary to likewise conceal such fact from them.

7. By reason of the relation between Cleary and defendant and by taking advantage of the trust and confidence reposed in her by Cleary, and by the exercise of undue influence over Cleary by defendant as alleged, she acquired over his mind an influence whereby his free will was overborne and her own substituted for it, and thus she was enabled to, and did, procure Cleary to make the purchases and to name herself as a joint tenant in the deeds.

8. Defendant claims to be the surviving joint tenant and the sole owner of the properties.

Plaintiff asserts the complaint states facts sufficient to constitute a cause of action. Defendant says it does not. We have concluded it does. We have had occasion recently to state the rules governing the construction of a complaint on a general demurrer thereto, and they need not be repeated. (*Toney* v. *Security First Nat. Bank,* 108 Cal.App. 2d 161, 167 [238 P.2d 645].)

Undue influence consists: "1. In the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him; 2. In taking an unfair advantage of another's weakness of mind; or, 3. In taking a grossly oppressive and unfair advantage of another's necessities or distress." (Civ. Code, § 1575.) We are concerned with the first class only as there is no allegation that Cleary was weak of mind. Defendant argues that the pleading does not allege any facts but only conclusions of the pleader. ■ Of course a mere averment that an instrument was procured by undue influence is a statement of a conclusion of law. (*Estate of Stoddart,* 174

Cal. 606, 610 [163 P. 1010].) ■ An averment of a conclusion of law is ordinarily deemed to be surplusage and will be disregarded in considering the sufficiency of a pleading. (*Ohm* v. *San Francisco,* 92 Cal. 437, 449-450 [28 P. 580]; *Callahan* v. *Broderick,* 124 Cal. 80, 82-83 [56 P. 782].) ■ The complaint must allege ultimate facts, not evidentiary facts or conclusions of law. The line of demarcation between a conclusion of fact and a conclusion of law is not easy to draw in all cases. The allegation of an ultimate fact usually, if not always, involves one or more conclusions. ■ The rule which requires allegations of facts where undue influence is the issue does not require the allegation of evidentiary facts but only that ultimate facts be pleaded; it does not exclude conclusions of fact but only conclusions of law. (*Estate of Bixler,* 194 Cal. 585, 589-590 [229 P. 704]; *Lewis* v. *Beeks,* 88 Cal.App.2d 511, 521 [199 P.2d 413]; *Green* v. *Darling,* 73 Cal.App. 700, 703 [239 P. 70]; *Lester* v. *Beer,* 74 Cal.App.2d Supp. 984, 989 [168 P.2d 998].) ■ If substantial facts which constitute a cause of action are averred in the complaint or can be inferred by reasonable intendment from the matters which are pleaded, although the allegations of these facts are intermingled with conclusions of law, the complaint is not subject to demurrer for insufficiency.

■ The pleading alleges in effect that the conveyances in joint tenancy were not the natural result of the uncontrolled will of Cleary but represent in fact that of defendant. This, it was said in *Estate of Stoddart,* 174 Cal. 606, 611 [163 P. 1010], and *Estate of Bixler,* 194 Cal. 585, 590 [229 P. 704], is the ultimate test of the existence of undue influence.

In *Murphy* v. *Crowley,* 140 Cal. 141 [73 P. 820], an action to cancel a deed on the ground of undue influence, it was alleged that the title to the property in question was taken in the name of the defendant Margaret Crowley "at her instance and at her dictation, the said Daniel being compelled thereto, and overpowered by the dominant will and aggressive energy of the said defendant, Margaret E. Crowley," and that from the date of their marriage down to his death the defendant, Margaret, "exercised a controlling influence over the mind and actions of the said Daniel, managed exclusively his property, and he was under her complete subjection and domination," which allegations were held sufficient. In *Stohr* v. *Stohr,* 148 Cal. 180 [82 P. 777], also an

action to cancel a deed on the ground of undue influence, the allegations were that the defendant lived with the grantor and was her confidential business agent and had an intimate and confidential association and relation with her and had her trust and confidence and was able to and did exercise great influence and control over her will; that at the time of signing the deed the defendant, with intent to take an unfair advantage of the weakness of mind of the said grantor and gain possession of her property, induced and persuaded her to make and acknowledge the deed, and those allegations were held sufficient. In *Yordi* v. *Yordi*, 6. Cal.App. 20, 31 [91 P. 348], involving a similar cause of action, the allegations held sufficient were as follows:

"[T]hat said Yordi 'for the purpose of causing her (plaintiff) to convey to him (her husband) the said lot of land, without consideration, intimidated plaintiff, and exerted upon her the predominating influence which he then had over her by reason of his position as her husband, and used the complete confidence which she then and at all times, until his death, reposed in him, and thereby did then and there cause her, against her will and contrary to her wishes, to make, acknowledge, execute and deliver to him a deed of conveyance of said lot of land, without consideration'; that 'plaintiff made . . . and delivered the said deed to said Fred Yordi solely by reason of his said acts and conduct, and not freely or voluntarily'; that 'said deed was prepared by a scrivener selected by said Fred Yordi,' and under his 'personal direction'; that the property was of the value of $4,000; that plaintiff received 'no pecuniary advantage in return for said deed and said Yordi suffered no pecuniary damage therefor,' and that 'plaintiff had no independent advice in said transaction.' " The allegations of the second amended complaint in the present case also bear a striking similarity to those held sufficient to state a cause of action in *Estate of Bixler*, 194 Cal. 585 [229 P. 704], and *Estate of Olson*, 19 Cal.App. 379 [126 P. 171].

We are of the opinion that the allegations of the second amended complaint do, without resort to the conclusions of law, allege the ultimate fact that the conveyances were procured by the undue influence of defendant. ▋ Where a confidential relation exists between the parties, and the one in whom confidence is reposed actively participates in a transaction whereby he obtains a gift from, or advantage over, the other, a presumption of undue influence arises and casts

on the party who has gained the gift or advantage the burden of rebutting it and showing fairness and good faith. (*Fish* v. *Security-First Nat. Bank,* 31 Cal.2d 378, 384 [189 P.2d 10].) The facts alleged are sufficient to show that a relation of trust and confidence existed between Cleary and defendant. (*Gatje* v. *Armstrong,* 145 Cal. 370, 371-373 [78 P. 872] ; *Piper* v. *Somerville,* 128 Cal.App. 667 [17 P.2d 1027].) It is averred that defendant actively participated in securing the conveyances whereby, without consideration, she received a joint tenancy interest in the properties.

Defendant argues that the complaint is insufficient because there is no allegation that Cleary was of weak mind. Weakness of mind of the person imposed upon is not a necessary element of undue influence in a case which arises out of a breach of a confidential relationship. (*Buchmayer* v. *Buchmayer,* 68 Cal.App.2d 462, 467 [157 P.2d 9].)

We have examined the special demurrer and find that the grounds stated are not well taken.

The judgment is reversed with directions to overrule the demurrer to the second amended complaint and permit defendant to answer.

Shinn, P. J., and Wood (Parker), J., concurred.