[Civ. No. 17498.   First Dist., Div. Two.   Sept. 10, 1957.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Guardian, etc., Respondent, v. PAUL H. COX, Appellant.

Oswald G. Ingold and Henry Poppic for Appellant.

Mack & Jorgenson for Respondent.

DRAPER, J.—Plaintiff, as guardian of the estate of an incompetent person, brought this action upon three promissory notes executed by defendant to the ward, his mother. Defendant pleaded a release assertedly executed by the mother shortly before she was adjudged incompetent. After nonjury trial, plaintiff had judgment. Defendant appeals.

The claimed release is dated February 7, 1950. On March 1, 1950, appellant filed his petition for appointment as guardian of his mother, alleging that she "is unable to transact business or handle her affairs" and "incapable of taking care of herself and managing her property." This petition was verified by appellant February 28, 1950. For 10 years before the commencement of the guardianship proceedings, appellant had managed his mother's business affairs, and during the greater part of that time she had lived with him in his home.

The case is argued here upon the theory that the trial court found the release to have been procured by undue influence. There is no claim that any consideration moved from appellant for the release. ■ The mother was 82 years of age, her vision was impaired to the point where she was unable to read, there was evidence of at least a lack of mental vigor, and her son had handled all her business affairs for 10 years. She reposed the fullest confidence in him. There is no doubt that this evidence is ample to sustain a finding of confidential relationship. (*Nobles* v. *Hutton,* 7 Cal.App. 14 [93 P. 289].) ■ Where, as here, the party in whom the trust is reposed obtained an advantage, it will be presumed that the transaction was the result of undue influence. (*Krug* v. *Meeham,* 109 Cal.App.2d 274 [240 P.2d 732].) Appellant's evidence at most created a conflict, and the trial court was

by no means compelled to accept his view that his mother's act was free and voluntary. He contends that his mother had independent advice of an attorney, but the attorney was not called, and the court was not required to accept appellant's testimony. On this record, there is ample support for the view that appellant failed to sustain his burden of showing that the mother freely and voluntarily executed the release.

Despite the assumption of counsel on both sides, the record does not show that the trial court decided this case on a theory of undue influence. The court found that appellant's allegations of execution and delivery of the release are not true. The only evidence that the mother executed the release is that of appellant. There is evidence that he made payments upon the notes after the date of the release; that he listed all three notes as assets of his mother in the inventory he filed in her guardianship proceeding; that he testified at the hearing on appointment of guardian that the notes were assets of his mother; and that he did not tell plaintiff of a claimed release until this action was filed. On this evidence, the trial court could well have concluded that the release was not executed and delivered by the mother.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.