[Civ. No. 29514.   Second Dist., Div. Two.   Sept. 26, 1966.]

GEORGE E. CHACKSFIELD et al., Cross-complainants and Appellants, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Cross-defendant and Respondent.

Hindin, Sterling, McKittrick & Powsner, Maurice J. Hindin and Ronald M. Sohigian for Cross-complainants and Appellants.

Harold W. Kennedy, County Counsel, and Paul G. Seehusen, Deputy County Counsel, for Cross-defendant and Respondent.

FLEMING, J.—Chacksfield, the subdivider of a tract of land in Los Angeles, secured approval in 1957 from the city for a subdivision (Bus. & Prof. Code, §§ 11503, 11550 et seq.) by dedicating certain easements to the Los Angeles Flood Con-

trol District for a flood control channel and by agreeing to construct specific improvements around the proposed flood control channel. (Bus. & Prof. Code, § 11610 et seq.) The flood control channel was completed by the Flood Control District in 1961, but thereafter Chacksfield failed to complete his promised improvements.

In 1964 the City of Los Angeles filed suit for damages against Chacksfield and his surety for his failure to complete the improvements in accordance with the terms of the surety bond. Chacksfield filed an answer, containing denials as well as affirmative defenses, and, additionally, cross-complained for declaratory relief against the city and the Flood Control District, contending that the city had altered the original plans for the flood control channel and the district had followed the altered plans in building the channel, thus making it mechanically impossible for him to complete his promised improvements. Under his cross-complaint, Chacksfield sought a declaration against the district that if he should be held liable in damages to the city, he would have a right to indemnity from the district for such liability because the district had legally promised the city to build a flood control channel according to certain specifications and failed to keep its promise. A demurrer by the Flood Control District to an amended cross-complaint was sustained without leave to amend, and Chacksfield has appealed from the order of dismissal.

We do not doubt that if because of a subsequent alteration in plans the completion of Chacksfield's promised improvements had become impossible or been made to fall outside the scope of his original undertaking, these would be good defenses to the city's action for damages for breach of contract. But the existence of defenses to a suit by the city does not create a cause of action against the district. In his cross-complaint Chacksfield contended that if he were held liable to the city he would have a right of indemnity against the district, because he was a legal beneficiary of the district's promise to the city to build the flood control channel according to certain specifications. We do not agree. ▇▇ Even if we assume the existence of an enforceable legal obligation by the district to the city to build a flood control channel in a particular manner, Chacksfield would have no specific right to enforce it nor any cause to complain in the event such an agreement were changed, abrogated, abandoned, postponed, modified, rescinded, or breached. The district owed no duty to Chacksfield to construct a stormdrain channel at any particu-

lar time, or in any particular manner, or at all, and no such obligation was spelled out in the cross-complaint. While the cross-complaint alleged that Chacksfield was a third-party beneficiary of the district-city agreement, we disregard this legal conclusion in considering the sufficiency of the pleading (*Krug* v. *Meeham*, 109 Cal.App.2d 274, 276-277 [240 P.2d 732]), which shows at most that Chacksfield might be incidentally benefited by the district's performance of its contract, and thereby enabled to complete his own contract more easily. Such incidental benefit is not enough to give him status as a third-party beneficiary of the district-city agreement. (Civ. Code, § 1559; *City & County of San Francisco* v. *Western Air Lines, Inc.*, 204 Cal.App.2d 105, 120-121 [22 Cal.Rptr. 216]; *G & P Elec. Co.* v. *Dumont Constr. Co.*, 194 Cal.App.2d 868, 878 [15 Cal.Rptr. 757].)

Since the district was under no obligation to Chacksfield to construct a stormdrain channel and since Chacksfield was not an express beneficiary of the district-city contract, he cannot enforce any purported obligation owed by the district to the city (*City & County of San Francisco* v. *Western Air Lines, supra*, p. 120; *Luis* v. *Orcutt Town Water Co.*, 204 Cal.App.2d 433, 441-442 [22 Cal.Rptr. 389]; *Southern Cal. Gas Co.* v. *ABC Constr. Co.*, 204 Cal.App.2d 747, 751-752 [22 Cal.Rptr. 540]), and the trial court properly sustained the district's demurrer to the cross-complaint.

▌Chacksfield, however, contends the trial court abused its discretion in denying him leave to amend, since further amendment of the cross-complaint might have produced a cause of action. But when there is no indication of the manner in which it is proposed to amend a defective pleading, abuse of discretion is not shown. (*Starbird* v. *Lane*, 203 Cal. App.2d 247, 262-263 [21 Cal.Rptr. 280]; *Schultz* v. *Steinberg*, 182 Cal.App.2d 134, 140-141 [5 Cal.Rptr. 890].) Chacksfield did not tender a proposed amendment supplying facts necessary to establish a cause of action against the district for indemnity, and since from other pleadings in the case it appears that no cause of action for indemnity was possible, the trial court properly exercised its discretion in sustaining a demurrer to the amended cross-complaint for declaratory relief without leave to amend. (Code Civ. Proc., § 1061; *Silver* v. *City of Los Angeles*, 217 Cal.App.2d 134, 141-142 [31 Cal. Rptr. 545].)

The order is affirmed.

Roth, P. J., and Herndon, J., concurred.