**GRAHAM AND HILL, a corporation,**
**Appellant (Plaintiff below),**

v.

**DAVIS OIL COMPANY, Appellee**
**(Defendant below),**
**and**
**HLM Drilling Company, a corporation,**
**(Defendant below).**

**No. 3948.**

Supreme Court of Wyoming.

June 28, 1971.

J. D. Fitzstephens of Goppert & Fitzstephens, Cody, for appellant.

Edward S. Halsey, Newcastle, Anthony F. Zarlengo and Howard M. Kirshbaum, Denver, Colo., for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This is an appeal from a judgment which dismissed a claim of Graham and Hill against Davis Oil Company, seeking some $15,000 on account of water hauled for the defendants. The case was tried to the court on stipulated facts, plaintiff's version of which is:

The Davis Oil Company contracted to have HLM Drilling Company drill an oil well in Washakie County; the contract provided in relevant part, "Contractor [HLM Drilling Company] will furnish a total of $5,000.00 for water which includes purchase, hauling, ingress and egress to source and location. Owner [Davis Oil Company] will pay all water costs over $5,000.00." [1] HLM hired Graham and Hill to haul the water for the total charges claimed in the action. HLM did not keep its contract but went into reorganization under the Bankruptcy Act. In the reorganization proceeding so as to secure a dissolution of a restraining order against Davis, staying it from operation at the well site, Davis in a General Release between it and HLM agreed, inter alia, to pay non-labor claimants 50 percent of their claims against HLM. Plaintiff's claim against HLM was listed as $5,000 and $2,500 of this was paid by Davis. Davis's damages as a result of HLM's breach were in excess of the amount claimed by Graham and Hill.

---

1. Defendant Davis calls attention to § 4.5 of the contract, "Owner shall reimburse Contractor for the costs of material, equipment, work, or services which are to be furnished by Owner as provided for herein but which for convenience are actually furnished by Contractor at Owner's request," but § 7.4 of Exhibit A to the contract stated that water at source would be provided by the contractor.

Plaintiff lists as the question for decision: Whether or not in the light of (a) Davis's contract with HLM to pay all water charges over $5,000, (b) the listing of HLM's indebtedness to plaintiff as only $5,000 in the attachment to the General Release, and (c) the admission that plaintiff actually hauled the water, Davis is obligated to pay the charges in excess of $5,000. The fundamental issue in the cause is whether as claimed by plaintiff the quoted section of the HLM–Davis contract was for its benefit as a third party beneficiary. We scrutinize the authorities cited in support of that contention: Kirch v. Nicholson, 42 Wyo. 489, 297 P. 398; Coleman v. Mountain Mesa Uranium Corporation, 10 Cir., 240 F.2d 12; 17 Am.Jur.2d Contracts § 302; Annotation, 81 A.L.R. 1271; 2 Williston, Contracts, p. 792 (3 ed.). None of these are interpreted or explained by plaintiff and examination of them confirms a first impression that plaintiff has *assumed* without legal or factual foundation the major premise upon which its argument rests—a postulate hotly disputed—that the contract was for its benefit. We address ourselves consecutively to the references cited.

Kirch v. Nicholson, supra, announces a principle now well recognized, that a promise may be made to one person for the benefit of another. However, such a holding on its face is not sufficiently germane to be of assistance in the present case.

Coleman v. Mountain Mesa Uranium Corporation, supra, enunciates a universally accepted tenet that a third party beneficiary can sue for enforcement of his rights under a contract although he is not a party thereto and not mentioned therein. The stated rule is, of course, valid and applicable to the instant litigation but alone is insufficient for determination of the controversy.

17 Am.Jur.2d Contracts § 302, discusses generally the rights of a third person to enforce a contract made for his benefit. In reality, § 304, p. 728, of the same work is more pertinent where it is stated:

"The question whether a contract was intended for the benefit of a third person is generally regarded as one of construction of the contract. The intention of the parties in this respect is determined by the terms of the contract as a whole, construed in the light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish."

Annotation, 81 A.L.R. 1271, is relevant to the gist of the problem, mainly in III d, e, f, and g, which are addressed to cases in the various jurisdictions dealing with circumstances which show that any given contract is or is not intended for the benefit of a third person. However, none of the cases deal with matters identical to or closely parallel to that before us and are helpful only by way of analogy.

Turning to 2 Williston, Contracts, p. 792 ff. (3 ed.), while this text contributes little to plaintiff's thesis its erudite and extensive discussion of "Contracts for the Benefit of Third Persons" is somewhat apropos to the dispute here, particularly at p. 1009 where the author says that it is in regard to contracts to discharge a debt of the promisee that the greatest confusion prevails and refers to a well known decision by Mr. Justice Holmes, cited by many courts, Robins Dry Dock & Repair Company v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290, 292, which held that before a stranger can avail himself of the exceptional privilege of suing for the breach of an agreement to which he is not a party he must at least show that it was intended for his direct benefit, and p. 1088 where it is said "sometimes * * * a person who is neither the promisee of a contract nor party to whom performance is to be rendered will derive a benefit from its performance," the author then observing that such a person is an incidental beneficiary who acquires by virtue of the promise no right against the promisor or the promisee.

This philosophy is reflected in ALI Restatement (Second), Contracts § 133 (Tent. Draft No. 3 1967):

## "§ 133. INTENDED AND INCIDENTAL BENEFICIARIES.

"(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promisee is an intended beneficiary if

"(a) the performance of the promise will satisfy a duty of the promisee to the beneficiary; or

"(b) the promisee manifests an intention to give the beneficiary the benefit of the promised performance and recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties.

"(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary."[2]

and § 147:

## "§ 147. EFFECT OF A PROMISE OF INCIDENTAL BENFIT.

"An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee."

Although shortcomings of the ALI Restatement are suggested in 54 Vir.L.Rev. 1166, 1173–1174, and we do not entirely disagree with the theme of the note that "courts should cease their preoccupation with intent and look instead to actual reliance and commercial and social policies as the ultimate criteria for the determination of third party beneficiary controversies," in the instant case it is our view that under any of the mentioned philosophies there was nothing before the trial court on which it could have predicated a holding that plaintiff was more than an incidental beneficiary.[3]

As is implicit in the numerous authorities on third party beneficiaries, controversies of this nature must be resolved on a case-to-case basis with facts in different situations never being identical and seldom truly analogous, but we find the following holdings supportive of the trial court's judgment in the instant matter: Franklin Casualty Insurance Company v. Jones, Okl., 362 P.2d 964; Chacksfield v. Los Angeles County Flood Control District, 245 Cal.App.2d 193, 53 Cal.Rptr. 774; Olney v. Hutt, 251 Iowa 1379, 105 N.W.2d 515.

Affirmed.

---

2. Illustration 3 of § 133 is pertinent to the instant situation:
   "B promises A to pay whatever debts A may incur in a certain undertaking. A incurs in the undertaking debts to C, D and E. If the promise is interpreted as a promise that B will pay C, D and E, they are intended beneficiaries under Subsection (1) (a); if the money is to be paid to A in order that he may be provided with money to pay C, D and E, they are at most incidental beneficiaries."

3. It is presumed that the benefits of a contract inure to the parties thereto and not to a third person, and a third person claiming the benefit has the burden of proving the contract was made for his benefit. Dawson v. Eldredge, 84 Idaho 331, 372 P.2d 414, 418; Robins Dry Dock & Repair Company v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290, 292; W. D. Anderson & Sons v. Samedan Oil Corp., 5 Cir., 210 F.2d 600, 602; 17A C.J.S. Contracts § 582.